COWAN *v.* STATE.

Opinion delivered October 25, 1926.

1. LARCENY—THEFT OF AUTOMOBILE LICENSE PLATES.—Automobile license plates costing $16, issued under the Harrelson law (Laws Sp. Sess. 1923, p. 11) §§ 36, 40, 41, 49, *held* grand larceny, the cost of the plates, rather than the cost of replacing them, being the measure of their value.

2. LARCENY—EVIDENCE.—In a prosecution for grand larceny in stealing automobile license plates, evidence of their replacement cost *held* inadmissible.

Appeal from Crawford Circuit Court; *James Cochran,* Judge; affirmed.

*O. D. Thompson,* for appellant.

*H. W. Applegate,* Attorney General, and *Darden Moose,* Assistant, for appellee.

Wood, J.  Bert Cowan was indicted in the Crawford Circuit Court for the crime of grand larceny.  The indictment, in apt language, charged him with the crime of grand larceny in the stealing of two automobile license plates, of the total value of $16, the personal property of Paul W. Sheridan.

One of the witnesses introduced by the State testified that he worked for the Paul Sheridan Motor Company, in Van Buren, Crawford County, Arkansas, and that he saw Cowan, on or about the 31st day of May, 1926, in Crawford County, Arkansas, trying to get a license tag off of a Ford car which belonged to Paul Sheridan.  Witness went for the sheriff.

The sheriff testified that he saw the defendant take a license tag off of a Ford touring car and stick it under the bib of his overalls, and witness arrested him.  The law fixes as the regular price of license for a Ford touring car the sum of $16 from the 1st of January to the 21st of June.

The defendant offered to prove by the sheriff and other witnesses that the replacement cost of the license tags is $1.  The court refused to allow the witness to so testify, to which ruling the defendant duly excepted.

The defendant was convicted and sentenced by judgment of the court to imprisonment in the State Penitentiary for a period of one year, from which judgment he duly prosecutes this appeal.

The law requires every person who owns and desires to operate an automobile in this State to pay a fee for the registration and licensing of such automobile, a minimum of $15 per annum.  See § 36, subdiv. (f), act No. 5, approved October 10, 1923, commonly known as the Harrelson law.  It is made the duty of the Commissioner of State Lands, Highways and Improvements, when the automobile has been duly registered and the license fee duly paid, to issue to the applicant a registration card and a set of registration plates bearing the number that has been assigned to such motor vehicle.  Sections 40 and 41, act No. 5, *supra.*  The possession of these registration

cards and license plates is evidence of the fact that the owner and operator of the car has complied with the law requiring registration and payment of the license fee. It is unlawful for the owner of any automobile to display any registration plate or plates that are not furnished by the State Highway Commissioner, and the owner of any motor vehicle subject to the payment of a license fee, who fails to pay the same when due, in addition to the license fee, is subject to a penalty for the operation of the car without paying a license.  See §§ 41 and 49 of the act *supra.*

Under the above and other provisions of act No. 5, *supra,* and the testimony in this case, it is obvious that the stealing of automobile license plates evidencing the right to own and operate an automobile from Jan. 1 to June 21 constituted grand larceny.  The only method by which the appellant could lawfully obtain a license plate to operate his car in this State was by complying with the provisions of act No. 5, *supra,* and, in order to obtain such license plates, it would be necessary for him to pay not less than the sum of $15.  Registration cards and license plates, under the law, are not the subject of barter and sale.  They evidence the right of the owner of the particular car that has been registered, and for which license plates have been issued, to operate that car.  These original license plates cannot be obtained by any one lawfully without the payment of the license fee.  Intrinsically, to be sure, the metal license plates were worth but little or nothing, merely the cost of the metal and the manufacture thereof into plates, but, as an evidence of the right to own and operate a car, they were worth the sum of $16.  The effect of the provisions of the Harrelson law is to fix the value of license plates at not less than $15.  The value of the license plates stolen by appellant was $16, as shown by the undisputed evidence in this case.  It is not a question of what the owner of the automobile would have to pay in order to replace them; the question is, what was the value of the plates to the owner when he obtained them?—that is, what he had to

pay for same in order to obtain them as an evidence of the right to operate his car in this State. The value of these particular plates should be measured by what these particular plates cost, and not by what replacement plates would cost, for appellant was not charged and was not convicted of stealing license plates which had been replaced. He was charged and convicted of stealing automobile license plates of the value of $16. To obtain these license plates the owner had to pay $16, and if appellant, as before stated, had lawfully obtained the same, he would have had to pay the sum of $16 therefor. When motor vehicle license plates are stolen, the thief intends not only to deprive the owner of the car of the evidence of his right to operate such car on the highways of this State, but he also intends to deprive the State of the license fee which he would have to pay as an evidence of his right to operate a motor vehicle. He therefore intends to steal the property of another and to convert the same permanently to his own use, of more than the value of $10. In such case the *lucri causa* is complete, and, under the law, the offender is guilty of grand larceny. See §§ 2484 and 2489, C. & M. Digest.

The trial court ruled correctly in holding that the offered testimony was inadmissible, and its judgment is therefore affirmed.

McCULLOCH, C. J., (dissenting). The offense of larceny consists of stealing, taking and carrying away the property of another, and the degree of the offense is fixed according to the value of the property stolen. Crawford & Moses' Digest, §§ 2483, 2486. The extent of the value is unimportant further than it fixes the degree of the offense, but the property stolen must be of some value. It is not contended in the present case that the two automobile license tags which were stolen were entirely without value, however trifling it may have been, but the contention is that it is limited to the intrinsic value of the tags themselves, and not the value of the privilege, of which the tags constitute mere evidence. I think that

counsel for appellant is right in this contention, and that the offense made out is only that of petty larceny.

At common law, things without intrinsic value, such as choses in action, were not subjects of larceny. (Rapalje's Larceny and Kindred Offenses, § 41; 2 Wharton's Criminal Law, § 1111), but our statutes place such property on the same basis as the money value which choses in action represent, and provide in express terms that such character of property may be the subject of larceny. Crawford & Moses' Digest, § 2485. The stealing of a license tag does not, however, come within the provision of that section, for it is not a "banknote, bond, bill, note, receipt, or any instrument of writing whatever."

It is contended that the case comes within the terms of the following section of the statute:

"Section 2484. Larceny shall embrace every theft which unlawfully deprives another of his money or other personal property, or those means and muniments by which the right and title to property, real or personal, may be ascertained." Crawford & Moses' Digest.

I do not think this is true, for the theft of the tags does not deprive the owner of personal property of the value of the license evidenced by the tags, nor of "those means and muniments by which the right and title to property, real or personal, may be ascertained." The license to use the car on the public highway is a personal privilege, and its use is limited to the particular car named in the license. This privilege does not constitute property within the meaning of the statute, therefore the license tags do not constitute "means and muniments by which the right and title to property, real or personal, may be ascertained." But, even if so regarded, the value amounts to the sum of one dollar, which would be required to replace the tags, as that is the extent of the owner's loss. In other words, the value could not in any event exceed the replacement cost.

My conclusion is that the judgment should be reversed, with directions to the court to sentence appellant for petty larceny.