LARRY JOE WILLIAMS *v.* STATE OF ARKANSAS

5736                                           482 S.W. 2d 810

Opinion delivered July 24 1972

*Jack M. Lewis* and *C. E. Blackburn,* for appellant.

*Ray Thornton,* Attorney General; *Milton Lueken,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. A jury found appellant guilty of possession of stolen property and assessed his punishment at one year and a day in the State Penitentiary. For reversal of that judgment, appellant first contends that the proof adduced by the state as to value of the property is insubstantial. We find no merit in this assertion.

We view the evidence on appeal in the light most favorable to the appellee in determining the substantiality of the evidence to support a jury verdict. *Rickie* v. *State,* 250 Ark. 700, 466 S. W. 2d 462 (1971).

The Conway County Coon Hunters Club was broken into and four trophies along with some soft drinks were taken from the club. Two days later the four trophies were found in the trunk of appellant's automobile. The secretary of the club testified that he had ordered the trophies which were to be presented as awards to winners of various sporting events sponsored by the club. He described the trophies as "new" and testified that their cost "would run somewhere around $10 apiece." The treasurer of the club testified that he had paid for the trophies and further stated "if the club ordered those four trophies they would cost at least $40," and he considered them worth $10 apiece before they were stolen.

Of course, it was necessary to present evidence of a substantial nature that the trophies were more than $35 in value to sustain a conviction for possessing stolen property. Ark. Stat. Ann § 41-3938 (Repl. 1964). *Hammond v. State,* 232 Ark. 692, 340 S. W. 2d 280 (1960). Compare *Rogers v. State,* 248 Ark. 696, 453 S. W. 2d 393 (1970). We are of the view that there was substantial evidence from which the jury could find that the value of the articles exceeded the required statutory sum. We note that the jury was instructed on a lesser included offense which is a misdemeanor. It was for the jury to reconcile the evidence and determine the grade of the offense.

Furthermore, we do not think "the court erred in applying the law with regard to proper proof of value of the stolen property." In *Cowan v. State,* 171 Ark. 1018, 287 S. W. 201 (1926), we held that the actual cost of the automobile license plat was admissible as to the grade of larceny allegedly committed by stealing the plates from the car. See, also, 50 Am. Jur. 2d, Larceny, §§ 45 and 148, and Wharton's Criminal Law and Procedure, 2, § 449 (12th Edition, 1957), to the effect that the actual or cost price of an article is admissible as being one factor for the jury to consider along with other factors in determining the market value. It is well established in civil cases that the original cost of property, as in eminent domain cases, is admissible so long as it is not too remote in time and bears a reasonable relation to the present value. Such evidence exists in this case.

Appellant next contends for reversal that the prosecuting attorney's office failed to divulge information in its or its agents' (sheriff's office) possession concerning a material witness favorable to the defense. About a month following the appellant's conviction, the appellant, in support of his motion for a new trial, presented a witness who testified that, as a retailer, he had sold these or similar trophies to the club; that before the trial the sheriff's office called him in for identification purposes; and he had expressed his opinion that the total value of the trophies new was less than $35 or at the most $32.50. It appears that one investigating officer and the secretary

of the club were present when the retailer viewed the trophies. The officer testified there was no detailed discussion relating to the price of the trophies; and he understood the presence of the retailer was for identification purposes; namely, "if they were the ones he sold." Another deputy testified that he was not present when the retailer saw the property. He filed his investigative report with the prosecuting attorney's office and he believed he gave the appellant a copy, also. The secretary of the club testified at the hearing that he had told the deputy prosecuting attorney about this witness and a conversation with him; however, the secretary said that his testimony at the trial, relating to the trophies' value, was the same which he had imparted to the deputy prosecutor after his conversation with the retailer. There is no evidence that the prosecuting attorney's office or its agents suppressed any evidence. In fact, appellant agrees nothing of such a nature was intentionally done. We note that this retailer or witness' name was mentioned as a source of purchases during presentation of the state's testimony in chief. No request for a continuance was made. In the circumstances, we hold that the trial court properly denied appellant's motion for a new trial based upon the asserted suppression of evidence favorable to the appellant. Newly discovered evidence which tends only to impeach other testimony is not necessarily grounds for a new trial. *Murchison* v. *State,* 249 Ark. 861, 462 S. W. 2d 853 (1971). Newly discovered evidence is one of the least favored grounds to justify granting a motion for a new trial and, further, such a motion is addressed to the sound discretionary authority of the trial judge. *Steel* v. *State,* 246 Ark. 75, 436 S. W. 2d 800 (1969). In the case at bar, the appellant has not demonstrated that the trial court abused its discretionary power in refusing to grant his motion for a new trial.

Affirmed.