Howard GATLIN, Jr. *v.* STATE of Arkansas

CR 77-155                                   559 S.W. 2d 12

Opinion delivered November 28, 1977
(Division I)
[Rehearing denied January 9, 1978.]

486

*Murphy & Carlisle,* for appellant.

*Bill Clinton,* Atty. Gen., by: *Jackson Jones,* Asst. Atty. Gen., for appellee.

ELSIJANE T. ROY, Justice. Appellant, Howard "Butch" Gatlin, Jr., was charged on October 26, 1976, with possession of a controlled substance with intent to deliver. On October 29, 1976, appellant was charged with two counts of theft by receiving. On January 14, 1977, the trial court, after a hearing on the matter, denied appellant's motion to suppress evidence seized from his mobile home pursuant to a search warrant.

On January 17, 1977, a jury found appellant guilty of possession of a controlled substance with intent to deliver and punishment was fixed at five years' imprisonment. On January 31, 1977, after trial to the court appellant was found guilty of theft by receiving. A five-year sentence was imposed and set to run concurrently with the previously imposed sentence.

For reversal appellant alleges it was error for the trial· court to deny his motion to suppress.

Appellant first contends it was unnecessary for the search warrant issued here to permit execution at night. The search warrant was issued at 11:25 p.m. on October 19, 1976, and was executed at 11:50 p.m. that same night.

Our review of the record indicates appellant has waived his right to argue this point. At the hearing on the motion to

suppress in Case No. CR 76-407 the following transpired between appellant's counsel and the trial court:

The Court: Let the record show, now — you are not questioning the form of the affidavit or the form of the search warrant? This goes only to the reliability of the informant; is that right?

Mr. Murphy: And to the improper designation of the premises to be searched.

The Court: All right.

Mr. Murphy: Those two questions.

The Court: In other words, the warrant as issued, you are not questioning the authority of the Court to do it?

Mr. Murphy: No, no.

The Court: Those two (2) things?

Mr. Murphy: Two (2) things.

The Court: All right.

This testimony indicates that appellant's counsel did not request a ruling on the propriety of the nighttime search; thus that issue has been waived and cannot be raised on appeal.

Appellant's second allegation is that the search warrant contained insufficient descriptions of the premises to be searched and the property to be seized. The search warrant stated, *inter alia*:

* * * The Butch Gatlin residence and curtlege [curtilage] and appurtenances and a 1965 or 1966 Ford Fairlane 4 door hard-top automobile, Arkansas license # DTY-110 and 1975 Chevrolet Monza automobile, Arkansas license # ESA-625, located at the premises to be searched. The mobile home is described as a brown and white located just off Arkansas Highway 68B east,

Springdale, Arkansas immediately behind a red brick home occupied by Mrs. Eugene Dryer, said brick home and mobile home being on the south side of said highway almost directly opposite the Becker Machine Shop Rd. in Springdale, County of Washington, . . . .

Appellant's argument under this issue is largely confined to a discussion of the descriptive errors in the warrant, and it is not denied by appellee that there were several errors in it.

Rules of Crim. Proc., Rule 13.2 (b)(iii) (1976) require that a search warrant state or describe with particularity the identity of the person to be searched and the location and designation of the places to be searched.

In *Easley* v. *State*, 249 Ark. 405, 459 S.W. 2d 410 (1970), this Court upheld as sufficient a description in a search warrant designating premises as ". . . the house occupied by Bud Easley in or near Hiwasse in the County of Benton; . . . . " In that case the following language from 56 C.J. 1233 and 1237 quoted in a Tennessee opinion[1] was cited with approval:

Moreover, it is held that the word "particularly" in the constitution requiring such a description means that the description must be such that any person familiar with the locality can by inquiring identify the premises described.

\* \* \*

\* \* \* Thus since houses in rural communities are commonly known by the name of the owner rather than by any technical legal description, a description of rural property as the premises occupied by a named person may be held sufficient, even though the property is incorrectly described as to section and range. Likewise the description may be sufficient if the farm is named and the particular district disregarded.

In *Perez* v. *State,* 249 Ark. 1111, 463 S.W. 2d 394 (1971), relied upon by appellant, we held invalid a search warrant

---

[1] *Webb* v. *State,* 173 Tenn. 518, 121 S.W. 2d 550 (1938).

which described a *multi-unit apartment house* but failed to identify the specific apartment to be searched other than by the *incorrect name* of the occupant. However, in *Perez* we stated the following which is pertinent to the case before us:

> We do not mean to say that an officer unfamiliar with the premises or their location is strictly limited to information given on the face of the warrant to locate the place to be searched. If by reasonable effort or inquiry on the part of the searching officer the property described in the warrant can be located with certainty, the warrant meets constitutional requirements. (Citations omitted.) * * *

Despite descriptive errors the information in the warrant was sufficient to guide the officer executing the warrant to the correct premises. The description in the warrant began with the words "The Butch Gatlin residence," and Sheriff Marshall testified he was specifically looking for that residence. Homes in rural areas are commonly known by the names of the owners rather than by more detailed descriptions. Appellant's mobile home was located on rural property outside the city limits of Springdale, Arkansas. Viewing these facts and circumstances in their totality we find no error on this point.

We do, however, agree with appellant's third ground of error wherein he alleges that property not listed in the search warrant was illegally seized. The warrant listed three items of property, namely "marijuana, T.H.C.,[2] and amphetamines" as being possessed illegally and commanded a search to be conducted and such property, if found, seized. Pursuant to Rules of Crim. Proc., Rule 13.4(b)(1976) a return of the warrant was made after its execution.

In addition to the drugs which were seized the inventory of property taken during the search included a 19" color TV, a plastic bag containing $807, silver tableware in a red velvet lined walnut case, triple beam balance scales and several firearms.

---

[2]Tetrahydrocannabinol is a Schedule IV controlled substance. See Ark. Stat. Ann. § 82-2614.2 (Repl. 1976).

At appellant's second trial on the charges of theft by receiving, appellant's counsel stated that the objection to the search warrant for the controlled substances also covered the enumerated additional items.[3] Appellant contends there was no justification for the seizure of property other than the illegal drugs since they were not listed in the search warrant.

Rules of Crim. Proc., Rule 13.2(b)(iv) (1976), reads as follows:

(b) The warrant shall state, or describe with particularity:

(iv) the persons or things constituting the object of the search and authorized to be seized; . . . .

The State contends that under Rules of Crim. Proc., Rule 14.4 (1976), it was legally permissible to seize these additional items since they were in plain view and the officers reasonably believed they were subject to seizure.

The "plain view doctrine" is discussed in *Coolidge* v. *New Hampshire,* 403 U.S. 443, 91 S. Ct. 2022, 29 L. Ed. 2d 564 (1971). It permits police officers to seize objects in plain view pursuant to a constitutional search, but there are certain limitations to the plain view rule.

In *U.S.* v. *Johnson,* 541 F. 2d 1311 (8th Cir. 1976), a drug related search was conducted pursuant to a warrant but while on the premises officers seized a shotgun which was not specified in the warrant. Citing *Coolidge, supra,* the court stated:

* * * The plain view rule applies if 1) the initial intrusion resulting in the "plain view" was lawful, 2) discovery of the object was inadvertent, and 3) the incriminating nature of the object was "immediately apparent."

---

[3]There was no showing that this point was waived by appellant in the second trial.

Although we have found the initial intrusion into appellant's home was lawful, we must conclude that the other requirements enunciated in *Coolidge, supra,* and *Johnson, supra,* were not met. Sheriff Marshall testified that he had been told there could be stolen items at the Gatlin residence and that such information had been given him by another officer in the sheriff's department.

However, it is undisputed that five of the articles seized were returned to appellant. No showing was made that the officers making the search had knowledge of any particular stolen items at appellant's residence so the "incriminating nature" of the articles seized could not have been "immediately apparent." Furthermore, there was no testimony that the discovery of stolen goods was inadvertent.

We find no merit in appellant's last allegation of error that there was insufficient evidence of the informant's reliability.

In *Shackleford v. State,* 261 Ark. 721, 551 S.W. 2d 205 (1977), we held that when an affiant relies on the observations of an informant the affidavit must indicate to the issuing officer:

> * * * (1) the underlying circumstances from which the informant concluded that the object of the proposed search is where he said it was and (2) some of the circumstances from which the officer concludes that the informant is credible or his information reliable. * * *

The affidavit in this case stated that the informant had been in appellant's residence within the past 96 hours and had observed a large quantity of marijuana and a small quantity of T.H.C. The informant was also able to describe exactly where the illegal substances were located in appellant's mobile home. As to his credibility, the affidavit reveals that the informant stated he had twice purchased marijuana within two weeks prior to his statement, the most recent purchase totaling one-half (1/2) kilo of marijuana. This statement placed the informant in criminal jeopardy, and the record actually reflected that the informant was facing a

similar charge of possession with intent to deliver.

In *Maxwell* v. *State,* 259 Ark. 86, 531 S.W. 2d 468 (1976), we held the informant's self-incriminating statement was an adequate basis for according reliability to the informant's statement.

Accordingly the judgment of the trial court is affirmed as to appellant's conviction on the drug count but reversed on the two counts of theft by receiving stolen property.

Affirmed in part and reversed in part.

We agree. HARRIS, C.J., and GEORGE ROSE SMITH and HICKMAN, JJ.