William Thompson TERRY *v.* STATE of Arkansas

CA CR 80-46                                          610 S.W. 2d 272
Court of Appeals of Arkansas
Opinion delivered January 21, 1981

E. *Alvin Schay*, State Appellate Public Defender, by:*Jack R. Kearney*, Deputy Appellate Public Defender, for appellant.

*Steve Clark*, Atty. Gen., by: *James F. Dowden*, Asst. Atty. Gen., for appellee.

GEORGE K. CRACRAFT, Judge. The appellant was charged in the Washington County Circuit Court with 1) two counts of Theft of Property in violation of Ark. Stat. Ann. § 41-2203 (2) (b) (Repl. 1977); 2) unlawful possession of a firearm in violation of Ark. Stat. Ann. § 41-3103(1)(a) (Repl. 1977); and 3) being a habitual offender pursuant to Ark. Stat. Ann. § 41-1001 (Repl. 1977). A jury found him guilty on all counts. The appellant was sentenced to three years on each of the two Theft of Property charges and one year on the Felonious Possession of a Firearm charge. The Court ordered that the Theft of Property sentences be served consecutively and the Felonious Possession of a Firearm be concurrent to those. It is from this verdict, sentence and judgment that the appellant brings this appeal, asserting 1) that the conviction on the two counts of Theft of Property and the count of

Felonious Possession of a Firearm were based upon defective search warrants and evidence obtained by warrantless search; 2) that the enhancement of the sentences was based upon an Information containing insufficient allegations of the charges; and 3) that the state failed to prove the value of the hubcaps to be in excess of $100.

The appellant was arrested by campus security officers at 3:00 a.m. on September 29th, 1979, after having been observed by them in the act of stealing hubcaps in the University of Arkansas parking lot in Fayetteville. The officers saw him take several sets of hubcaps and place them in the trunk of his car. Later that day a warrant was issued authorizing a search of his automobile. The appellant was taken into custody at the scene in the early hours of the morning, but the search warrant was not obtained or executed until later that day.

While the appellant was in custody, but before the application for the search warrant, appellant stated to the officers that there was a pistol in the trunk of his automobile. All of the officers admitted that they heard the statement and that they knew he was a convicted felon. Both the applicaion and the warrant listed only hubcaps as the articles sought. No mention of the gun was made.

Prior to the trial the defendant requested and was granted a hearing on an oral motion to suppress certain statements made by him while in custody and evidence of the weapon found in his car. No other issues were raised or ruled upon.

The defendant now urges that the warrant was defective in other respects and that all the fruits of the search should have been suppressed. As the questions of the service of the warrant and inventory upon the defendant were not raised in the court below, they may not be raised on appeal for the first time. *Halfacre and Duty* v. *State*, 265 Ark. 378, 578 S.W. 2d 237 (1979); *Jeffers* v. *State*, 268 Ark. 329, 595 S.W. 2d 678 (1980). The officers were not questioned about the service at any stage of the proceedings and the appellant testified that at the time of his arrest and for a period of time thereafter his

memory was so faulty due to a prescription drug he was taking, that he could recall little of what had taken place.

Though we hold that the warrant was valid and the initial intrusion to search for hubcaps was lawful, we conclude that the seizure of the weapon during that search was warrantless, and evidence based upon it should have been suppressed.

That weapon itself was not specifically described in the warrant or the affidavit and cannot be validated under the "plain view rule." The "plain view rule" applies only if 1) the initial intrusion resulting in the plain view discovery was lawful, 2) the discovery was inadvertent, and 3) the incriminating nature of the object was immediately apparent. *Gatlin* v. *State*, 262 Ark. 485, 559 S.W. 2d 12. Here the officers all knew for hours before the warrant was issued and the search pursuant to it, that the appellant had stated that the weapon was in the trunk of the car. In these circumstances the discovery of this weapon was not "inadvertent," but to the contrary "advertent."

Appellant further urges that the enhancement of his sentences pursuant to the Arkansas Habitual Offenders Statutes should be reversed as it was based on insufficient allegations of the offenses in the Information. The felony information filed by the prosecuting attorney is as follows:

> "furthermore, the defendant, William Thompson Terry has been previously convicted of *more than one* felony offense and should be subject to the sentencing provisions of Ark. Stat. Ann. § 41-1001."

Ark. Stat. Ann. §41-1001(1) (Repl. 1977) provides for enhancement of sentence for "1) a defendant who is convicted of a felony and who has previously been convicted of *more than one* (1) but *less than four* (4) felonies, ***." The Information in question correctly states the elements of the offense for which enhanced sentence may be imposed. There was evidence introduced at the trial that the appellant had been convicted and sentenced on three prior felony offenses. It is clear then that this appellant was correctly charged with having been

convicted of "more than one" felony offense as provided in the statute.

The appellant further contends that his conviction for Theft of Property must be reversed because the state failed to prove the value of the eight hubcaps stolen exceeded $100. This contention is meritless.

Ark. Stat. Ann. § 41-2203 (2) (b) (i) (Repl. 1977) states:

"Theft of Property is a class C felony if the value of the property is less than $2500 more than $100."

Here the proof shows that the appellant appropriated two sets of hubcaps. The first set was taken from a 1978 Thunderbird belonging to Sherry Goodner who had bought the car less than 13 months before the hubcaps were stolen.

An expert testified that the replacement cost of each hubcap was $67.40, and tat the value of the four hubcaps was $269.60.

The second set of hubcaps were taken from an automobile of Nancy Cassidy, who owned a 1978 Monte Carlo and had purchased it less than a year before the theft.

An expert testified that the cost of each of the four hubcaps was $57.25, a total of $229 for a set of four. No objection was made by the appellant to this testimony.

Ark. Stat. Ann. § 41-2203 (3) (Repl. 1977) defines the amount of a theft as the "amount involved in a theft shall be deemed to be at the highest value, by any reasonable standard, of the property or services which the actor obtained or attempted to obtain."

We conclude that this evidence was sufficient to establish that the value of each set of the hubcaps stolen by appellant was in excess of $100, the requisite amount for a conviction of Theft of Property. Evidence of purchase price of property may be evidence of market value when admitted without objection, and we do not feel that the date of

purchase of the articles in question is too remote. *Cannon* v. *State*, 265 Ark. 271, 578 S.W. 2d 20 (1979); *Boone* v. *State*, 264 Ark. 169, 568 S.W. 2d 229 (1978).

We affirm the sentences imposed on the two Theft of Property convictions and reverse the conviction on the charge of Felonious Possession of a Firearm.

COOPER, J., dissents.

JAMES R. COOPER, Judge, dissenting. I respectfully dissent from that portion of the majority opinion which concludes that evidence based upon seizure of the weapon involved should have been suppressed.

The uncontradicted facts show that the weapon was not described either in the search warrant or the affidavit. The defendant refused to sign a consent to search form and stated as his reason for this refusal the fact that there was a gun in the trunk. The defendant had been observed removing hubcaps from vehicles and placing them in the trunk of his car. He was arrested on a charge of theft of property and a search warrant was issued some hours later which described the hubcaps which were the object of the search. Rule 13.2 of Arkansas Rules of Criminal Procedure, provides in pertinent part:

". . . (b) the warrant shall state, or describe with particularity; (iv) the persons or things constituting the object of the search and authorized to be seized; and . . ."

The question of whether a search warrant was required at all under Rule 12.1 (d) is not before us, but it certainly could be argued that since the defendant had been arrested for theft of property the officers could have searched the property of the defendant without a warrant to obtain evidence of the commission of the offense for which he was arrested, specifically the theft of the hubcaps. Rule 13.3 (c) of the Arkansas Rules of Criminal Procedure provides in part that where in the course of a search under a warrant things are discovered which are not specified in the warrant, but which

the officer believes to be subject to seizure, they may also be taken into possession.

The majority cites *Gatlin* v. *State*, 262 Ark. 485, 559 S.W. 2d 12 for the proposition that *Coolidge* v. *New Hampshire*, 403 U.S. 443, 91 S. Ct. 2022, 29 L. Ed. 564 (1971), holds that the plain view rule applies only where the initial intrusion resulting in the plain view discovery was lawful, where the discovery was inadvertent, and where the incriminating nature of the object was immediately apparent. The only factor not established here was whether or not the discovery of the weapon was "inadvertent." It is argued, and the majority holds, that defendant's refusal to consent to a search because of the presence of a gun in the trunk was enough to trigger a requirement that the officers list the weapon in the affidavit for a search warrant. Under the rule stated in *Gatlin* and *Coolidge*, supra, it is obvious that had the statement of the defendant not been made, there would be no problem in seizure of the weapon found in the trunk of the vehicle as that clearly would have been inadvertent. I fail to see the logic which results from the majority holding. Where the officers had no knowledge whatsoever about the existence of the gun the gun would not be suppressed, but where defendant mentioned its existence, it must be excluded, even though the gun clearly was not the object of the search.

In my view, the purpose of the plain view doctrine as espoused in *Coolidge* and *Gatlin* is to establish requirements for the admissibility of evidence where its incriminating nature is apparent and where discovery is inadvertent. The requirement in the cited case which related to the lawfulness of the initial intrusion is not in my opinion applicable here, since I believe those cases to stand for the proposition that the intrusion referred to is not an intrusion under a search warrant, but another lawful intrusion into the private property of a defendant.

For the reasons stated I must respectfully dissent and would affirm the judgment of the trial court as to the charge of unlawful possession of a firearm.