Michael Dewayne JONES *v.* STATE of Arkansas

CR 82-44                                        632 S.W.2d 414

Supreme Court of Arkansas
Opinion delivered May 10, 1982

*James Michael Hankins,* for appellant.

*Steve Clark,* Atty. Gen., by: *Victra L. Fewell,* Asst. Atty. Gen., for appellee.

STEELE HAYS, Justice. Appellant was convicted of a violation of Ark. Stat. Ann. § 41-2206 (5) (i) (Repl. 1977), receiving stolen property having a value of more than $100 but less than $2500. As a habitual offender he was sentenced to 20 years in prison. For reversal, he argues there was insufficient evidence to justify a finding the property had a value in excess of $100; that the trial court should have granted his motion for a directed verdict and should have declared a mistrial. We find no error and affirm the judgment.

Around 4 p.m. on October 29, 1980, Mr. Harold Walls discovered that his home at 2627 Louisiana Street, Little Rock, had been burglarized. A number of articles were missing, including three pieces of CB equipment: a Royce Base Station, a TGAD-104 microphone and a power supply. At about 5 p.m. Officer J. E. Chandler of the Little Rock Police Department stopped a Ford station wagon on West 10th Street for an expired license tag. The vehicle was occupied by appellant and his brother. Appellant was arrested on a warrant for another charge and the station wagon was impounded. Among its contents were the three articles of CB equipment; they were inventoried and stored in the property room at the police department. Appellant was subsequently charged with theft by receiving.

At trial appellant stoutly denied knowing the equipment was in the car and relied in defense on the testimony of Christopher Pickens that Pickens had won the CB equipment earlier that day in a dice game on the corner of 29th and Cumberland. Pickens explained that he had put the articles in the station wagon after winning them but had forgotten to take them when appellant dropped him at his house. The jury verdict resolved these disputed facts in favor of the State.

First, appellant contends the evidence was not sufficient to establish a value in excess of $100. The argument cannot be sustained. The owner testified the equipment had a total value of $240; that he had bought the items new some two

years earlier, paying $149 for the Royce Base Station, which was on sale, $50 for the TGAD-104 microphone and $20 for the power supply. This evidence stands unchallenged except for the unsupported argument that CB equipment has recently depreciated. However that may be, there was no evidence except that of the owner and we find it more than sufficient to establish a value in excess of $100. Our law recognizes the original cost of property as one factor the jury may consider in determining value, if not too remote in time and relevance. *Williams* v. *State,* 252 Ark. 1289, 482 S.W.2d 810 (1972); *Cowan* v. *State,* 171 Ark. 1018, 287 S.W. 201 (1926).

Appellant next asserts the State failed to prove he had possession of the property or knew it to be stolen. We disagree. Appellant testified the articles were in a pillowcase in the back of the station wagon and he wasn't even aware of their presence. Testimony by the State placed the articles in the front of the car on the floor board adjacent to the passenger side. Without more, neither location would seem conclusive as to possession; however, the trial court admitted as voluntary an oral statement by appellant that he had purchased the property from someone named Banks for $20 and that, we believe, provided the connection. It is not necessary that the State prove the accused had actual possession of stolen property, it is enough to prove he had constructive possession or the right to control. *Parker* v. *State,* 270 Ark. 3, 603 S.W.2d 393 (1980). Here, appellant's claim of ownership of property recently stolen provided the necessary element of proof to sustain the charge, absent a credible explanation for its presence.

Finally, it is insisted that a mistrial should have been declared because the jury was told of another warrant for appellant's arrest. But the argument does not stand up under scrutiny. Officer Chandler testified to having stopped the appellant for an expired license tag and stated simply, "he was subsequently arrested on a warrant and . . . " Appellant moved promptly for a mistrial which was denied, correctly we think, for the reason that the jury had no way of knowing what warrant the witness was referring to. It is clear from the proceedings in chambers, outside the presence of the jury,

that Chandler was referring to a warrant for some offense other than the one being tried (the warrant in this case not having been issued until November 6). Appellant urges strenuously that because the trial judge commented that if subsequent testimony brought out the fact that Chandler was referring to a different offense then appellant would be entitled to a mistrial. Thus, he argues, when witnesses for the State later testified the warrant on the charge of possession of the stolen CB equipment was issued on November 6, the jury could have inferred the warrant Chandler spoke of was not the one for which appellant was being tried. The argument is untenable. The jury still did not know there were two warrants, as Chandler merely said the appellant "was subsequently arrested on a warrant," which told the jury nothing of other warrants, even in the light of the later testimony. For all the jury could have known, the warrant Chandler spoke of was the warrant issued in this case. The fact that appellant's motion for a mistrial was never renewed during the course of trial is an indication that the jury was never apprised by the testimony that more than one warrant existed.

The judgment on the sentence is affirmed.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. Appellant was convicted of theft by receiving stolen property having a value of more than $100.00. The items in question were a base CB transmitter, a microphone and power supply. The owner testified he paid $219.00 for the property several years earlier. The only evidence touching upon the value at the time of trial was a statement from the appellant or one of his friends that he paid $20.00 for the property.

Ark. Stat. Ann. § 41-2201 (11) (a) and (b) (Repl. 1977) states that the market value of property or services is to be established at the time of the offense or if the value of the property cannot be ascertained, the cost of replacing the property within a reasonable time after the offense should be used. The state made no effort to meet this burden of proof. It was clearly the state's burden to show that the value of the

property was in excess of $100.00. *Lee* v. *State,* 264 Ark. 384, 571 S.W.2d 603 (1978); *Riley* v. *State,* 267 Ark. 916, 593 S.W.2d 45 (Ark. App. 1979). Since the burden was upon the state to prove the present value of the property they should have at least had the owner testify as to its value. Of course, it is possible that the state knew that his testimony would be that the aggregate value was less than $100.00. The effect of the majority opinion will be that when property is stolen the only evidence needed as to value is the property's initial purchase price, regardless of the remoteness in time of that purchase. Once again I am forced to dissent because I read our statutes as they are written. When a law has no ambiguities on its face, it is plain to me that it should be enforced as it is written. The statutes cannot be clearer in defining value and the law is clear in placing the burden on the state to prove all elements of an offense. This was simply not done in the present case.

It is also of some interest to me that the appellant was not the owner of the automobile where the property was recovered and nobody testified that the property had ever been in the physical possession of the appellant.