Mark Randall STEWART *v.* STATE of Arkansas

CR 89-224                                      786 S.W.2d 827

Supreme Court of Arkansas
Opinion delivered April 2, 1990

*William R. Simpson, Jr.*, Public Defender, and *Llewellyn J. Marczuk*, Deputy Public Defender, by: *Didi H. Sallings*, Deputy Public Defender, for appellant.

*Steve Clark*, Att'y Gen., by: *Joseph V. Svoboda*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. Mark Randall Stewart appeals from a conviction of theft. He has raised two points of appeal. He contends the evidence was not sufficient to permit his conviction under Ark. Code Ann. § 5-36-103 because proof that the car he allegedly stole was worth $2500 or more was lacking. He also argues that the court erred in refusing to instruct the jury with respect to a lesser included offense, that is, theft of property worth more than $200 but less than $2500, which carries a lesser sentencing range. We hold that the evidence was sufficient to

support the conviction and that it was not error to decline the instruction because there was no rational basis upon which the jury could have concluded the car was worth less than $2500.

Beverly Sears testified that Stewart asked to borrow her car to pick up his son. She asked him how long he would be gone, and he replied he would be back "within an hour or thereabouts." He did not return the car but was arrested after he was stopped while driving the car some eight days later. No issue is raised as to the evidence sufficient to prove a theft occurred.

### 1. Value of the car

Ms. Sears testified that the car was a 1986 Thunderbird. When asked on direct examination the value of the car, she said she was not too good at estimating it. She said, "I don't really have any idea. It's a three year old car now." In response to the question, "Could you give us an approximate value?" she responded, "Seven or Eight Thousand Dollars."

On cross-examination Ms. Sears admitted she "took a guess" as to the value of the car. Then she said, "But I still owe money on it and I know how much I paid for it to begin with." On re-direct examination she testified that she had paid around $14,000 for the car and that it was now (presumably at the time of trial) three years old.

In support of his argument Stewart cites *Moore* v. *State*, 299 Ark. 532, 773 S.W.2d 834 (1989), in which we reversed on a different point but concluded by way of an *obiter dictum* that the evidence was insufficient to show an automobile was worth $2500 or more. There the testimony of the victim was that she had paid $3600 in 1985 for a 1980 Oldsmobile which was stolen in July of 1988. She testified she thought the car was worth its purchase price three years after the purchase, obviously taking no account of depreciation. We cited *Tillman* v. *State*, 271 Ark. 552, 609 S.W.2d 340 (1980), noting, on the question of remoteness of the date of purchase and the value of evidence of purchase price, that there is a point at which we will hold the testimony of an owner of property does not constitute substantial evidence of its value at the time of the theft. We have no such problem here.

Given Ms. Sears' testimony with respect to the purchase price, her knowledge of what she owed on her car, the

fact that it was three years old, and a photograph introduced showing the car to be in apparently excellent condition, we cannot say there was no substantial evidence of the value of the car.

## 2. Lesser included offense instruction

Stewart argues the court should have given an instruction on the lesser included offense of theft of property of a value between $200 and $2500. He cites *Henson* v. *State*, 283 Ark. 435, 678 S.W.2d 329 (1984), where we held that a defendant charged with aggravated robbery was entitled to an instruction on robbery. The testimony of the victim showed clearly that a robbery had been committed. Other testimony of the victim was that the accused put his hand in his pocket, like he had a weapon there, as he was leaving the scene of the robbery after having been discovered. This court held the jury was entitled to believe part but not all of the testimony of the victim, thus the lesser included offense instruction was necessary.

In the *Henson* case opinion we recognized another line of cases typified by *Doby* v. *State*, 290 Ark. 408, 720 S.W.2d 694 (1986), to the effect that where the evidence is such that there is no rational basis for the giving of a lesser included offense instruction, none need be given. In the *Doby* case, the question was whether the jury should have been instructed on possession of a controlled substance, a lesser offense included in the offense of possession with intent to deliver. Doby took the stand and denied having any drugs in his possession when he was arrested. The police officer who arrested him testified that Doby admitted possession of large amounts of controlled substances when he was arrested. This court, noting the jury was faced with determining which party was lying, held there was no rational basis for the jury to conclude the officer was lying as to some but not all of his testimony.

In *Fladung* v. *State*, 292 Ark. 515, 730 S.W.2d 901 (1987), we again were faced with widely divergent testimony between the accused and the officer who arrested him. Upon being stopped by a state police officer for having a defective headlight, the defendant got out of his car and walked to the police car. He returned to his car ostensibly to get his driver's license. He was seen reaching under the seat, and he emerged holding a pistol. Fladung testified he feared the pistol would be found if his car

were searched, so he got it out and pointed it in the air and was about to explain that it did not work when the officer grabbed for it and it went off. The officer testified that Fladung pointed the pistol at him and pulled the trigger. We held the ambiguity presented by the testimony required an instruction on assault in the first degree as a lesser offense included in aggravated assault.

In the *Henson* case there was a rational basis for holding that the lesser included offense instruction on robbery should have been given. The victim saw no weapon, and there was a real question whether the actions of the accused were such as to put the victim in fear of being shot when the accused put his hand in his pocket in the course of a robbery. In the *Fladung* case the same kind of ambiguity was presented by the conflicting testimony as to some, but not all, facts.

Here we find no rational basis for the lesser included offense instruction. We are concerned with the testimony of one witness on one factual issue. To hold there was a rational basis for the instruction sought, we would have to find that the jury could reasonably have concluded that a 1986 Thunderbird, in apparently good condition, which cost $14,000 three years earlier could have been worth less than $2500 on the date the crime was committed. While there was some doubt expressed in the testimony of Ms. Sears, there was not the sort of ambiguity caused by divergent testimony with respect to a factual scenario as in the *Fladung* and *Henson* cases. Nothing in the record presents a rational basis for a conclusion that the car might have been worth less than $2500.

Affirmed.

GLAZE, J., concurring.

TOM GLAZE, Justice, concurring. I concur. Less than one year ago, this court reversed a theft charge based, in part, upon value testimony similar to that presented here. *See Moore* v. *State*, 299 Ark. 532, 773 S.W.2d 834 (1989). In fact, appellant cites the *Moore* case in support of his argument to reverse.

The majority wishes to discount the value aspect of the *Moore* case by labeling it *obiter dictum*, but whatever the majority calls it, I and two other justices dissented in *Moore* stating the value testimony given there was sufficient to support

the defendant's theft conviction. Glaze, J., dissenting, *Id.* 299 Ark. at 540, 773 S.W.2d at 839.

I agree with appellant, at least on one point, *viz.*, there is little difference between the value testimony given here and that given in *Moore*. The majority seems to suggest the photographs introduced here make the difference. In *Moore*, the victim car owner testified, without objection, that the car she bought in 1985 was, at the time it was stolen less than three years later, in reasonably good condition. Apparently, a picture is not only worth a thousand words, but also a conviction as well.

In my estimation, the *Moore* decision as it pertains to value testimony, is an aberration and will not prove helpful to defendants in their efforts to overturn theft convictions based on car owner value testimony. While the majority does not overrule *Moore*, the efficacy of *Moore* is left in serious doubt. And well it should be.