Antonio Demarion COLEY *v.* STATE of Arkansas

CR 90-10                                     790 S.W.2d 899

Supreme Court of Arkansas
Opinion delivered June 25, 1990

*John Ogles*, for appellant.

*Steve Clark*, Att'y Gen., by: *Paul L. Cherry*, Asst. Att'y Gen., for appellee.

OTIS H. TURNER, Justice. On February 2, 1989, Joyce Landgren's 1986 model Cadillac automobile was stolen.

On February 9, 1989, Gloria Reeves, a cashier at a convenience store, was robbed at gunpoint by a black male described as being 5'3" and weighing about 130 pounds. After taking approximately $120 in cash from the register, the robber ran from the store and entered a waiting automobile driven by a second black male. The statement given to the investigating officers by Ms. Reeves described the auto as a gray 4-door Buick. At trial, Ms. Reeves was adamant in her testimony that the description she had given to the authorities at the time of the investigation was of a "silver Cadillac." In any event, she was able to give the police the license number of the car which was the license that had been issued to Ms. Landgren for her Cadillac automobile.

The appellant was convicted by a Pulaski County jury of the crimes of aggravated robbery, theft by receiving, and theft of property and was sentenced as an habitual offender to terms totaling 60 years.

The appellant challenges his convictions, asserting that the state failed to establish that the automobile had a value of over $2,500 — an element necessary to sustain the theft by receiving charge. Further, the appellant asserts that the evidence was insufficient to support the aggravated robbery and theft of property convictions. We find the appellant's contentions to be without merit, and we therefore affirm.

Two days after the robbery of the convenience store, the police located Ms. Landgren's stolen 1986 Cadillac at an apartment complex — still bearing the original license plate issued to

Mrs. Landgren and identified by Ms. Reeves, the store clerk, as the license on the get-away car. The police established a continual surveillance and they ultimately observed the appellant approach the vehicle, open the door, and enter the car. At that time, the detectives moved from their position of surveillance and arrested the appellant.

The following day, Ms. Reeves identified the appellant from a physical lineup as the person who robbed her. At the trial she again identified the appellant, without hesitation, as the robber of the store. The arresting officers also made a positive identification of the appellant as the person they observed getting into the stolen automobile at the time of the arrest.

The appellant, in challenging the sufficiency of the evidence for conviction, moved for a directed verdict on all three counts and alleges error by the trial court in denying his motion.

A motion for a directed verdict is a challenge to the sufficiency of the evidence, *Glick v. State*, 275 Ark. 34, 627 S.W.2d 14 (1982); and, when reviewing the denial of the motion, we consider the evidence in the light most favorable to the appellee and affirm if there is any substantial evidence to support the verdict. Only testimony in support of the verdict need be considered. *Boren v. State*, 297 Ark. 220, 761 S.W.2d 885 (1988).

Without restating all of the evidence, we find it over-whelmingly in support of the finding of guilt on the charges of aggravated robbery and theft of property. In her statement to the police, Ms. Reeves was somewhat inaccurate in her physical description of the appellant, but she had no hesitation in her identification both at the physical lineup and at the trial. Her statement also identified the automobile as a "gray Buick," but she was able to give to the investigators the correct number of the license on the Landgren silver Cadillac, the stolen vehicle which the appellant was entering at the time of his arrest.

The appellant next alleges that the evidence was insufficient to establish that the Cadillac automobile had a value of over $2,500, proof of which is required by Ark. Code Ann. § 5-36-106(e)(1) (1987) in order to sustain the charge of theft by receiving as a Class B felony.

"Value" is defined in relevant part at Ark. Code Ann. § 5-36-101(11)(A)(i) (1987) as "[t]he market value of the property or services at the time and place of the offense. . . ."

There was no direct proof introduced which would establish the market value of the automobile at the time of the theft. However, Mrs. Landgren, though unable to recall the year model of her vehicle, testified that she and her husband bought the car new and paid $22,000; that it was in good condition and that only $400 had been spent on repairs since it was purchased. The arresting officer testified that the car was a 1986 model which proved it to be only three years old at the time of the theft.

The state has the burden of establishing the value of the property, Lee v. State, 264 Ark. 384, 571 S.W.2d 603 (1978), and the preferred method of establishing value is by expert testimony. See Terry v. State, 271 Ark. 715, 610 S.W.2d 272 (Ark. App. 1981). Value, however, may be sufficiently established by circumstances which clearly show a value in excess of the statutory requirement. In Tillman v. State, 271 Ark. 552, 609 S.W.2d 340 (1980), we found that the purchase price paid by the owner is admissible as a factor for the jury to consider in determining market value, when it is not too remote in time and bears a reasonable relation to present value.

In a recent case, there was an absence of direct value testimony but the owner testified she had paid around $14,000 for her 1986 model Thunderbird automobile; that she still owed a part of the purchase price; and, that her car was three years old at the time of trial. Moreover, a photograph was introduced showing the car to be in excellent condition. In that case we held that the owner's testimony was substantial evidence that the value of the car exceeded $2,500. Stewart v. State, 302 Ark. 35, 786 S.W.2d 827 (1990).

We find the convictions of the appellant are supported by substantial evidence and we affirm.

Affirmed.

HAYS and GLAZE, JJ., concur.

TOM GLAZE, Justice, concurring. I certainly agree with the holding reached by the majority. I strongly disagree with the

majority's decision not to mention the case of *Moore* v. *State*, 299 Ark. 532, 773 S.W.2d 834 (1989), in its opinion. The majority's failure to cite *Moore* will not make that case go away; it is wrong, it will continue to cause confusion in the future, and it should be overruled.

This court now has decided three criminal theft cases in less than one year where the point in issue was, "Did the State present sufficient proof to show the car stolen by the defendant exceeded the amount of $2,500.00." These cases and the proof in each are listed in chronological order as follows:

(1) *Moore* v. *State*—

Proof: The car owner testified *without objection* that she bought her car, a 1980 Oldsmobile 98, in 1985, the car was in reasonably good condition and the value of the car is what she paid for it, $3,600.00. No evidence was offered to discredit this value testimony.

Holding: In a 4-3 decision, this court reversed and dismissed theft charges against Moore because the state failed to prove that the value of the stolen car exceeded $2,500.00

(2) *Stewart* v. *State*, 302 Ark. 35, 786 S.W.2d 827 (1990)—

Proof: The car owner testified that she had purchased a 1986 Thunderbird automobile which was three years old when it was stolen. She said that she was not good at estimating the car's value but offered an approximate value of $7,000.00 or $8,000.00. She had paid $14,000.00 for it, and it was three years old at the time of the theft. A photograph of the car was introduced showing the car to be in what this court, on review, found as being in "apparently excellent condition."

Holding: This court unanimously upheld the defendant's theft conviction, stating it could not say there was no substantial evidence of the value of the stolen car.

(3) Today's decision, *Coley* v. *State*—

Proof: The car owner testified that she bought the car new for $22,000.00, but she could not recall the year model of the car. She said that it was in good condition and that only $400.00 had been spent on it for repairs. The officer, who arrested Coley, stated the car was a 1986 model. [No photograph of the car was introduced; nor was a car photograph offered in *Moore*.]

Holding: This court affirms the defendant's theft conviction, by citing *Stewart*, v. *State* and *Tillman* v. *State*, 271 Ark. 552, 609 S.W.2d 340 (1980), and stating "we find . . . substantial evidence."

In *Moore* I dissented and in *Stewart* I concurred and offered my opinion that this court, in deciding these two cases, had rendered decisions that were in conflict. I need not reiterate those views here. However, by this concurring opinion, I merely point out that we have yet another decision which, in my opinion, has difficulty in being understood in light of the rationale and holding in *Moore*. I encourage interested readers to conduct their own studies of these cases to reach their own conclusions, since, with this concurrence, I am through writing on this subject.

In my view, the common denominator in these three cases lies with the manner in which the court reviewed the cases and its unspoken decision to find the value testimony to be credible in *Stewart* and *Coley* but not credible in *Moore*. Clearly, this court's function does not include finding where credibility should lie. That duty lies either with a trial court or jury. This court erred in *Moore*, and we should correct the mistake now.

HAYS, J., joins this concurrence.