# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 97-1223/1329

_____

| | |
|---|---|
| Marty Lynn Campbell, | * |
| | * |
| Appellee/Cross-Appellant, | * |
| | *   Appeal from the United States |
| v. | *   District Court for the Eastern |
| | *   District of Arkansas. |
| Larry Norris, Director, Arkansas | * |
| Department of Correction, | * |
| | * |
| Appellant/Cross-Appellee. | * |

_____

Submitted: December 10, 1997
Filed: June 19, 1998

_____

Before FAGG, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

BEAM, Circuit Judge.

Larry Norris (the State of Arkansas) appeals the district court's grant of a writ of habeas corpus under 28 U.S.C. § 2254 to Marty Lynn Campbell. Campbell was sentenced, as a habitual offender, to thirty years' imprisonment for theft by receiving stolen property. The district court found that Campbell's trial counsel was ineffective in failing to challenge the sufficiency of the evidence of the stolen property's value at trial[1] and granted a writ of habeas corpus. Campbell cross-appeals the district court's

_____

[1]The district court further found that appellate counsel was ineffective in failing to argue the value issue on direct appeal. That finding is disposed of for the same

finding that there was sufficient evidence to convict him of knowing receipt of stolen property. We reverse the district court's finding that the evidence was insufficient on the value element, but affirm the finding that the evidence was sufficient on the knowing receipt issue.

## I.    BACKGROUND

Campbell is a repeat offender with seven prior felony convictions who pawned stolen tools, a stolen weedeater, and a stolen saw. He was charged with receiving stolen property having a value between $200 and $2,500. At trial, the owner of the stolen goods testified that he had paid $1,800 for a set of Sears Craftsman tools six years earlier and that he had placed those tools in three tool boxes, one of which was pawned by Campbell. He also testified that he had purchased the weedeater for $250 four or five years earlier, and had paid $216 for the Hitachi miter saw three years before it was stolen. He testified that all of the items worked. Pictures of the items were received into evidence.

The jury was instructed, "[i]n considering the evidence in this case, you are not required to set aside your common knowledge, but you have a right to consider all the evidence in light of your own observations and experiences in the affairs of life." The verdict form completed by the jury read: "We, the jury, find Marty Lynn Campbell guilty of theft by receiving over $200" and further required the jury to "complete one of the following," if the verdict were guilty: "We, the jury, find the value of the property to be $200 or less," with a line for the foreperson, or "more than $200 but less that $2,500," with a line for the foreperson. The foreperson signed the line reading "more than $200 but less than $2,500."

reasons set forth in our discussion of sufficiency of evidence of value at trial.

The record also shows that the trial judge answered a hand-written question from the jury during its deliberations. The jury sent a note that read, "[i]s the value of the property meaning value to the person or value to be replaced or the value of how much the items that were stolen?" The court answered, without objection, "[t]he Court's response is this: A definition: value means the market value of the property at the time and place of the offense, or if the market value of the property cannot be ascertained, the cost of replacing the property within a reasonable time after the offense."

Campbell appealed his conviction, but did not raise the value issue. His conviction was affirmed in an unpublished opinion. See Campbell v. Arkansas, No. CA CR 93-1187 (Ark. Ct. App. Sept. 14, 1994). His action for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37 was denied as untimely. He then filed this federal habeas corpus action in district court contending that counsel was ineffective in failing to argue sufficiency of the evidence at trial or on appeal.

The district court first found that Campbell's claims were not procedurally barred.[2] It agreed that trial counsel was deficient in failing to argue insufficiency of evidence on the valuation issue, but found sufficient evidence on the issue of whether Campbell had knowingly received stolen property. On appeal, the state asserts that there is sufficient evidence of valuation. Campbell challenges the district court's finding that there is sufficient evidence to support his conviction.

---

[2]Although we are not inclined to agree with the district court that Campbell has overcome the procedural bar present in this case, the State has not appealed the district court's procedural bar decision and the issue has not been adequately briefed. In any event, we need not reach the issue in light of our disposition on the merits.

## II.    DISCUSSION

In determining the sufficiency of evidence to support a conviction, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  See Jackson v. Virginia, 443 U.S. 307, 319 (1979). Under Arkansas law, in theft by receiving cases, the state has the burden of establishing the value of the property, and the preferred method of establishing value is by expert testimony.   See Coley v. Arkansas, 790 S.W.2d 899, 901 (Ark. 1990).   Value, however, may also be sufficiently established by circumstances that clearly show a value in excess of the statutory requirement.  See id.   In determining market value, the factfinder may consider when the owner purchased the property and at what price, as well as the present cost to replace the property.  See Christian v. Arkansas, 925 S.W.2d 428, 430 (Ark. Ct. App. 1996) (finding store clerk's testimony sufficient to prove value).

The evidence in this case was clearly sufficient to enable a trier of fact to find that the value of the stolen tools, weedeater, and miter saw exceeded the sum of $200. As indicated, there was testimony that the items had originally cost over $2200.  The jury was provided with pictures of the items and there was testimony that the items were all in working order.[3]  The note from the jury shows that the jury considered valuation, and specifically, depreciation.  The jury was properly instructed that value meant market value as of the date the items were stolen or the cost of replacing the property within a reasonable time after the offense.  See Ark. Code Ann. § 5-36-101(11)(A)(I) and (ii).  We find it within the jury's knowledge and experience to infer

---

[3]The three-drawer tool box contained numerous screwdrivers, wrenches, ratchets, socket wrenches, sockets, files and pliers.

-4-

that the value of the items amounted to more than $200.[4]  The trier of  fact is not asked to dispose of his common sense simply because he is sitting in judgment in a criminal case.  See Tarentino v. Arkansas, 786 S.W.2d 584, 585-86 (Ark. 1990) (holding that jury can use its common sense to infer intent).  Under the deferential Jackson standard, we have no difficulty finding that a reasonable factfinder could have found the essential element of value established beyond a reasonable doubt.  See Jackson, 443 U.S. at 319.

Our conclusion regarding the sufficiency of evidence claim serves also to dispose of Campbell's ineffective assistance of counsel claim.  In order to show ineffective assistance of counsel, Campbell must show:  (1) that counsel's performance was deficient; and (2) prejudice.  See Strickland v. Washington,  466 U.S. 668, 687 (1984). As the foregoing discussion illustrates, Campbell cannot show he was prejudiced by counsel's failure to articulate a sufficiency of evidence argument at trial or on appeal. Accordingly, we reverse the district court's grant of a writ of habeas corpus and remand for dismissal of Campbell's petition.

We have also considered Campbell's cross-appeal.  Our review of the record convinces us that there is sufficient evidence that Campbell knowingly received stolen goods.  Accordingly, the order of the district court dismissing Campbell's sufficiency of evidence claim is affirmed.

---

[4]Granted, this evidence may not prove value with the specificity required, for example, to prove damages in a civil case.  That, however, is not the issue.  The jury was required only to find that the value of the items exceeded the mere sum of  $200. The stolen goods' market value beyond that is not at issue.

## III.    CONCLUSION

The order of the district court is affirmed in part and reversed in part.  This action is remanded for entry of an order dismissing Campbell's petition for a writ of habeas corpus.

A true copy.

ATTEST:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.