## Earmon WRIGHT *v.* STATE of Arkansas

CA CR 02-123                                        91 S.W.3d 553

Court of Appeals of Arkansas
Divisions II and III
Opinion delivered December 11, 2002

*William R. Simpson, Jr.*, Public Defender; *Ashley Riffel*, Deputy Public Defender, by: *Clint Miller*, Deputy Public Defender, for appellant.

L ARRY D. VAUGHT, Judge. A jury found appellant, Earmon Wright, guilty of criminal attempt to commit theft of property, a Class C felony. He was sentenced as a habitual offender to twenty years' imprisonment at the Arkansas Department of Correction. For reversal, appellant contends that the trial court erred in denying his motion for directed verdict on the ground that the evidence was insufficient to support the conviction because the State failed to prove that the value of the property was $2500 or more. We find no error and affirm.

On March 10, 2000, Stuart Yancey was driving near the back yard of a home where Garland Hall kept his boat. Yancey noticed appellant and another man holding tools and doing something with the boat motor. Yancey saw the men duck as he noticed them in an attempt to avoid being seen. Yancey called the police from his car. By the time he exited his vehicle, the men had left. The screws and bolts which attach the motor to the boat were all loosened and no longer attached. Appellant was subsequently arrested and charged with criminal attempt to commit theft of property.

We treat a motion for a directed verdict as a challenge to the sufficiency of the evidence. *Jones v. State*, 348 Ark. 619, 74 S.W.3d 663 (2002). The test for determining the sufficiency of the evidence is whether the verdict is supported by substantial evidence, direct or circumstantial. *Id.* Substantial evidence is evidence that is of sufficient certainty and precision to compel a conclusion one way or the other and pass beyond mere suspicion or conjecture. *Id.* On appeal, we view the evidence in the light most favorable to the State, considering only that evidence that supports the verdict. *Id.*

■ Attempted theft of property is a Class C felony if the value of the property is $2500 or more. *See* Ark. Code Ann. §§ 5-3-203 and 5-36-103(b)(1)(A) (Repl. 1997). "Value" is defined as the market value of the property at the time and place of the offense. *See* Ark. Code Ann. § 5-36-101(11)(A)(i) (Supp. 2001). The State has the burden of proving the value of the property stolen, and the preferred method of establishing value is by expert testimony. *Coley v. State*, 302 Ark. 526, 790 S.W.2d 899 (1990). However, value may be sufficiently established by circumstances that clearly show a value in excess of the statutory requirement. *Id.*

Garland Hall testified that he purchased a new 1998 Bass Tracker boat with a "40-horse Mercury tracker" engine from Bradford Marine on April 2, 1999. He stated that he paid $9100 for the boat and engine, and that the engine cost was $3100 of the total price. Between April 1999 and March 2000, Hall used the boat approximately ten to fifteen times. He testified that on March 10, the engine was in perfect condition. He elaborated that "[i]t had no dents or scratches on it. I kept it clean all the time. I had no engine problems at all. It was in the same kind of condition as when I bought it."

■ Appellant argues that the evidence was not sufficient because it failed to address whether Hall's boat motor was worth $2500 or more on March 10, 2000, when appellant attempted to steal it. Appellant does not challenge Hall's testimony, but rather argues that the boat motor could have depreciated $601 between the time it was purchased and the attempted theft. The law recognizes the original cost of property as one factor the jury may consider in determining market value, if not too remote in time and relevance. *Jones v. State*, 276 Ark. 116, 632 S.W.2d 414 (1982) (holding owner's testimony that he paid $240 for electronic equipment two years prior to theft was substantial evidence of value in excess of $100). *See also Tillman v. State*, 271 Ark. 552, 609 S.W.2d 340 (1980)(holding owner's testimony constituted substantial evidence of value over $100 where owner testified that he purchased the television for $476 eighteen months prior to theft,

that he had no problems with it, and that it was in good condition).

In *Williams v. State*, 252 Ark. 1289, 482 S.W.2d 810 (1972), the supreme court held that there was substantial evidence from which a jury could have found the stolen property to be worth more than thirty-five dollars where the owner of four stolen trophies described them as "new" and testified that they would cost around ten dollars each. The court of appeals in *Sullivan v. State*, 32 Ark. App. 124, 798 S.W.2d 110 (1990), found that there was substantial evidence that the value of the stolen property was at least $2500 where the victim testified that the cumulative value of a mink coat, VCR, shirt, and fruit was between $2600 and $2700. There, the victim testified that she paid $279 for the VCR in 1987 and $2200 for the coat in 1979, which would cost between $3000 and $5000 to replace. The court noted that to hold that there was not substantial evidence of value, it would have to make a finding that the victim's testimony as to the cumulative value was not credible, which is not the function of the appellate court.

■ In the present case, Hall testified to the purchase price of the boat motor. This evidence can be considered by the jury because it was not remote in time. In addition to purchase price, Hall testified about his use and maintenance of the boat motor, as well as the condition of the motor at the time it was stolen. Hall's testimony is the only evidence of value, and we hold it was sufficient to establish a value of $2500 or more.

Affirmed.

PITTMAN, ROBBINS, BIRD, and NEAL, JJ., agree.

ROAF, J., dissents.

ANDREE LAYTON ROAF, Judge, dissenting. I would reverse this case. I do not believe there was sufficient evidence for the jury, without resorting to speculation and conjecture, to conclude that a boat motor purchased new for $3,100 would have a fair market value of $2,500 nearly a year later, regardless of its condition.

While it is true that an owner can testify to the value of his stolen property, here the owner testified not to the value of the motor, only to what he had paid for it. The difference between the retail price paid and the threshold amount to be proven as an element of the offense is too close in this case, and the jury would have to speculate to conclude that a used boat motor would retain over 80% of its retail value after a year. In the following cases, the evidence of value was deemed sufficient. *Coley v. State*, 302 Ark. 526, 790 S.W.2d 899 (1990) (car bought for $22,000 three years earlier; $2,500 value required); *Stewart v. State*, 302 Ark. 35, 786 S.W.2d 827 (1990) (car bought for $14,000 three years earlier; $2,500 value required); *Jones v. State*, 276 Ark. 116, 632 S.W.2d 414 (1982) (testimony of $240 value for electronic equipment; proof of $100 value required); *Tillman v. State*, 271 Ark. 552, 609 S.W.2d 340 (1980) (TV purchased for $476 one and a half years earlier; $100 value required).

However, the facts before us are closer to cases in which the evidence was not sufficient to establish the requisite value such as *Moore v. State*, 299 Ark. 532, 773 S.W.2d 834 (1989) ($3600 paid for car three years earlier; $2,500 value required); *Riley v. State*, 267 Ark. 916, 593 S.W.2d 45 (1979) ($537 paid for mower four years earlier; $100 value required); *Cannon v. State*, 265 Ark. 270, 578 S.W.2d 20 (1979) ($148 paid for model car 12 years earlier; $100 value required).

I believe that the case before us is analogous and would reverse and dismiss.