Alfreddie JACKSON *v.* STATE of Arkansas

CR 76-24 536 S.W. 2d 716

Opinion delivered May 24, 1976

*James L. Hall Jr.,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Jackson Jones,* Asst. Atty. Gen., for appellee.

JOHN A. FOGLEMAN, Justice. Alfreddie Jackson was found guilty of possession of marijuana with intent to deliver it in violation of Ark. Stat. Ann. § 82-2617 (a) (1) (ii). It was charged that he had possession of more than one ounce with intent to sell. He states the case thus:

> On August 25, 1974, Officer Gaylon M. Barton of the Warren Police Dept. received word that Alfreddie Jackson had some marijuana in his possession. Officer Barton and Officer Randy Peek, also an officer with the Warren Police Dept., then rode around looking for Appellant Jackson. They spotted him at a local gas station at around noon and pulled in to confront him with the information. Appellant denied having any marijuana and consented for the officers to search his car. Appellant got in his car, unlocked the glove box as requested, then suddenly started his car and took off at a high rate of speed from the service station.

> The officers then jumped into their cars and pursued him at relatively high speeds over a meandering course of ten to twelve blocks. Towards the end of the chase Officer Peek fired several warning shots, the Appellant failed to negotiate a corner, ran into a ditch and the chase was ended.

> Upon arresting the Appellant the officers found a bag beside the Appellant's car. The bag contained six individual baggies of vegetable substance which tested out positive as marijuana, the total weight of which was 2.05 ounces.

Appellant asserts two points for reversal. We find merit in neither and affirm the judgment. We will discuss the points in the order they are argued.

The first point challenges the admissibility into evidence of a statement of Officer Barton, on the ground that it was inadmissible hearsay. The statement questioned was "I had information that he [Jackson] had marijuana in his possession." This testimony explained the action of the officer in seeking out and confronting Jackson. For this purpose, it was admissible. *Sexton* v. *State,* 155 Ark. 441, 244 S.W. 710; *Trotter* v. *State,* 215 Ark. 121, 219 S.W. 2d 636; *Bird* v. *State,* 175 Ark. 1169, 299 S.W. 40. See also, *Powell* v. *State,* 231 Ark. 737, 332 S.W. 2d 483; *Lynn* v. *State,* 169 Ark. 880, 277 S.W. 19. It may well be that appellant would have been entitled to have the testimony limited to the purpose for which it was admitted, but he is in no position to complain that it was not, because he did not ask the court for a limiting instruction. *Amos* v. *State,* 209 Ark. 55, 189 S.W. 2d 611.

Appellant also contends that the evidence was not sufficient to support the jury's verdict against him. He argues that there is no evidence of his intent to deliver the marijuana found by the officers. Appellant testified that he knew nothing about the marijuana. There was no evidence that he had made or attempted any delivery or sale on this or any previous occasion. He says that, at best, the state's evidence shows him to be guilty of simple possession of marijuana, and that we should take judicial notice that the quantity found would equal the approximate amount used in two packages of ordinary cigarettes and that this amount is far from being inconsistent with the use by a single person. He urges that the circumstantial evidence of his intent does not exclude the reasonable hypothesis that he did possess the marijuana for his own use and left the jury to speculation and conjecture as to intent.

We do not agree with this argument. In the first place we are unwilling to extend judicial notice as far as appellant would have us do. Appellant's argument overlooks the impact of the "rebuttable presumption," actually "justifiable inference," provided by Ark. Stat. Ann. § 82-2617 (d) (Supp.

1975). We treated the question of statutory presumptions in this act in *Stone* v. *State,* 254 Ark. 1011, 498 S.W. 2d 634. In that act, the legislature made a determination somewhat contrary to the facts of which appellant urges that we take judicial notice. While heroin was the substance involved in *Stone* and the quantity stated as giving rise to the justifiable inference in charges pertaining to that drug was 100 milligrams, we have no hesitation in saying that the rationale of *Stone* is equally applicable where possession of marijuana is involved. Practices and usages in relation to marijuana are certainly not yet such a matter of common knowledge that the courts may take judicial notice of the quantities that may be more consistent with individual use than with distribution. In such a case, in the absence of evidence contradictory of the legislative declaration or showing that the legislative fact-finding was not upon a rational basis, we cannot overturn the act or refuse to apply it.

Although we have not previously addressed the application of the *Stone* precepts to marijuana, and are aware that courts of other jurisdictions have rejected similar legislative acts, we have no hesitation about the application of the *Stone* rationale where marijuana is involved, noting that other jurisdictions have also sustained such presumptions. See, e.g., *State* v. *Kaplan,* 23 N.C. App. 410, 209 S.E. 2d 325 (1974); *State* v. *Garcia,* 16 N.C. App. 344, 192 S.E. 2d 2 (1972); *State* v. *Birdwell,* 6 Wash. App. 284, 492 P. 2d 249 (1972). We do not agree with the suggestion that the statute invades the accused's right against self-incrimination. We rejected that premise in *Stone* because evidentiary rebuttal of the justifiable inference may come from testimony other than that of the accused.

This brings us to a consideration of the proper application of the justifiable inference. It cannot be stated in the statutory language in a jury instruction. *French* v. *State,* 256 Ark. 298, 506 S.W. 2d 820. We have, moreover, recognized that the justifiable inference, while sufficient basis for submitting the question of intent to the jury, may be overcome by evidence which creates a reasonable doubt that the person charged possessed a controlled substance with intent to deliver in violation of the statute. *Stone* v. *State,* supra; *French* v.

*State*, supra. The question of reasonable doubt, however, is always for the jury, never for the trial judge or the appellate court on review. *Abbott* v. *State*, 256 Ark. 558, 508 S.W. 2d 733; *Cox* v. *State*, 254 Ark. 1, 491 S.W. 2d 802, cert. den. 414 U.S. 923, 94 S. Ct. 230, 38 L. Ed. 2d 157 (1973). Credibility is also a matter for the jury. *King* v. *State*, 194 Ark. 157, 106 S.W. 2d 582. See also, *State* v. *Birdwell*, supra; *State* v. *Fitzpatrick*, 5 Wash. App. 661, 491 P. 2d 262 (1972). This was a case where the evidence was sufficient to submit the question of intent of the jury, particularly in view of the fact that appellant's real defense was that his possession was unwitting. See, *State* v. *Birdwell*, supra.

The judgment is affirmed.