MAYFIELD and ROGERS, JJ., agree.

Roger WILLIAMS *v.* STATE of Arkansas

CA CR 89-47                                   781 S.W.2d 37

Court of Appeals of Arkansas
Division I
Opinion delivered September 27, 1989

*John Logan Burrow*, for appellant.

*Steve Clark*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

JAMES R. COOPER, Judge. The appellant was charged with theft of property valued in excess of $200.00. He was convicted by a jury of that charge and was found to be an habitual offender. He was sentenced to thirty years in the Arkansas Department of Correction and fined $10,000.00. On appeal he argues that the trial court erred in denying his motion for a directed verdict because the evidence of the value of the property was not given by a qualified expert, but by an employee who testified only as to the marked prices. We affirm.

A motion for a directed verdict is a challenge to the sufficiency of the evidence. Where the sufficiency of the evidence is challenged on appeal of a criminal conviction, we review the evidence, including any inadmissible evidence, prior to consider-

ing trial errors. *Harris* v. *State*, 284 Ark. 247, 681 S.W.2d 334 (1984). In reviewing the sufficiency of the evidence, we view the evidence in the light most favorable to the State and affirm if there is substantial evidence to support the verdict. *Id.*

A person commits theft of property if he knowingly takes or exercises unauthorized control over the property of another with the purpose of depriving the owner thereof. Ark. Code Ann. § 5-36-103(a)(1) (1987). Theft of property is a class C felony if the value of the property is more than $200.00 but less than $2,500.00. Ark. Code Ann. § 5-36-103(b)(2)(A) (1987). According to the record, Ron Carroll, a Fayetteville police officer, was working off-duty as a security agent for Sears on April 18, 1988. He testified that he was watching the monitors for video cameras set up in the store when he noticed the appellant looking around and acting in a manner he deemed suspicious. After taping the appellant's actions, he and another employee, David Bean, entered the menswear department to apprehend the appellant. He saw the appellant get into a waiting car and drive off quickly. He stated that the appellant had taken nine pairs of jeans. The videotape he made, which is not a part of this record, was played for the jury and it purportedly depicts the appellant taking the jeans. Jim Holland, an operating superintendent for Sears, testified that the value of the jeans was $270.94.

At trial, the appellant objected to Jim Holland's testimony, arguing that it was hearsay. At the close of the State's case the appellant moved for a directed verdict because Jim Holland's testimony was based upon "unsubstantial guesses." On appeal it is the appellant's contention that Jim Holland's testimony is inadmissible because it is based on hearsay and because Mr. Holland is not an expert witness. We recently decided the case of *Doby* v. *State*, 28 Ark. App. 23, 770 S.W.2d 666 (1989), and we found that the price tags of stolen clothes were hearsay and were not admissible. In reversing and remanding that case we noted that the price tags were the only evidence of the value. The store manager admitted that he had no knowledge of the value of the items except for the price reflected on the tags. In the present case, Jim Holland testified that he knew the value of the items, that it was part of his job to be familiar with prices of items sold in the store, and that the jeans were sold every day at those prices. His testimony was supported by invoices which the appellant intro-

duced into evidence.

 It is not necessary that evidence of value be given by an expert witness. Arkansas Rules of Evidence 701 permits a nonexpert witness to give his opinion when it is rationally based on the perception of the witness and is helpful to a clear understanding of his testimony or an issue of fact. Mr. Holland clearly established a rational basis for his opinion and the value of the stolen items was a central factual issue in the case.

Mr. Holland's testimony regarding the value of the jeans was admissible and the evidence is clearly sufficient to support the appellant's conviction.

Affirmed.

CRACRAFT and ROGERS, JJ., agree.