Avery Lynn KENNEDY *v.* STATE of Arkansas

CA CR 94-553                                    894 S.W.2d 952

Court of Appeals of Arkansas
· Division II
Opinion delivered March 15, 1995

22

*Haddock & Mazzanti*, by: *James W. Haddock*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Vada Berger*, Asst. Att'y Gen., for appellee.

JOHN B. ROBBINS, Judge. Appellant Avery Lynn Kennedy was convicted by a jury of felony theft by receiving. He was sentenced to ten years in the Arkansas Department of Correction and fined $5,000.00. Mr. Kennedy now appeals, arguing that the trial court erred in denying his motion for directed verdict. He also contends that the trial court erroneously allowed the prosecution to introduce evidence of his prior criminal conduct. We find no error and affirm.

A motion for directed verdict is a challenge to the sufficiency of the evidence. *Glick* v. *State*, 275 Ark. 34, 627 S.W.2d 14 (1982). When an appellant challenges the sufficiency of the evidence, we review the sufficiency argument prior to a review of any alleged trial errors. *Lukach* v. *State*, 310 Ark. 119, 835 S.W.2d 852 (1992). The test for determining the sufficiency of the evidence is whether the verdict is supported by substantial evidence, direct or circumstantial. *Thomas* v. *State*, 312 Ark. 158, 847 S.W.2d 695 (1993). Substantial evidence is evidence forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture. *Lukach* v. *State, supra.* In determining the sufficiency of the evidence, we review the proof in the light most favorable to the appellee, considering only that evidence which tends to support the verdict. *Brown* v. *State*, 309 Ark. 503, 832 S.W.2d 477 (1992).

The evidence in this case shows that appellant's uncle and aunt, Randy and Edna Kennedy, were away from their trailer house when it was burglarized on the evening of January 20, 1993. Randy Kennedy discovered that four of his guns had been stolen and made an insurance claim for the missing weapons. However, at trial Randy Kennedy stated that a 22-250 Springfield rifle had been erroneously claimed as stolen and that he

intended to return the money which he had received from his insurance company for that rifle. He explained that, rather than being stolen, he had traded the 22-250 rifle to appellant's father for a calf. One gun, a .308 Remington Rifle, was recovered by police and admitted into evidence at trial. However, Randy Kennedy refused to cooperate with the prosecutor when the prosecutor attempted to establish that the .308 rifle was the same one stolen from Randy Kennedy's home. Randy Kennedy would not testify that it was the same gun, said that he did not want to testify in this case in the first place, and stated that he did not bring from home his list containing the serial numbers of the stolen guns. Presumably, this list could have been used to determine if the gun introduced into evidence was in fact one of those stolen from his trailer.

Keith Lamar White testified that, on the evening of the burglary, he came in contact with appellant and purchased a .308 hunting rifle from him. Mr. White called Deputy Larry Allen the following day and asked him to run a check on the gun. Deputy Allen took possession of the gun and read the serial number to investigator Ronnie Ferguson. Mr. Ferguson, who was the first to investigate this case, advised Deputy Allen to hold the .308 rifle, and it was eventually admitted as evidence.

Officer Ronnie Mankin testified that he stopped the appellant in the early morning hours of January 21, 1993. The appellant consented to a search of his truck, and Officer Mankin discovered a 22-250 rifle. The appellant explained that the gun belonged to his father, and on a later date told Officer Mankin that he did not know where the gun was but that he would not steal from his own family.

Arkansas Code Annotated § 5-36-106 (Repl. 1993) provides that "[a] person commits the offense of theft by receiving if he receives, retains, or disposes of stolen property of another person, knowing that it was stolen or having good reason to believe it was stolen." The statute also provides that, if the value of the stolen property is greater than $200.00, or if the stolen property is a firearm valued at less than $2500.00, the offense is classified as a felony. The appellant now contends that there was insufficient evidence to support his conviction because ownership of the alleged stolen guns was not established. He also asserts that

the State failed to prove that the value of the property exceeded $200.00, and thus he was erroneously convicted of a felony.

■ We find appellant's argument regarding lack of proof of ownership to be without merit. In the case at bar there was substantial evidence that one of the guns in his possession had belonged to his uncle and had been reported stolen. Randy Kennedy testified that he reported a 22-250 rifle stolen (SN# B 6155455) and that he received $599.00 for the theft of this rifle from his insurance company. Officer Mankin testified that he stopped the appellant on the evening of the burglary and discovered in his possession a 22-250 rifle with the same serial number as that reported stolen by Randy Kennedy. This established ownership of the rifle. Randy Kennedy testified at trial that he erroneously reported the rifle stolen and intended to return the $599.00, but the jury was not required to believe this testimony, particularly in light of the fact that Randy Kennedy openly admitted that he wanted the charges against his nephew dropped.

■ We need not address the appellant's sufficiency argument on the value of the subject property because it is not preserved for our review. At the close of the State's case, appellant moved for a directed verdict. However, his argument in support of his motion failed to include any contention that the State failed to prove the value element of felony theft by receiving. In *Walker v. State*, 318 Ark. 107, 883 S.W.2d 831 (1994), the Arkansas Supreme Court held that, in order to preserve an insufficiency-of-the-evidence argument for review, the motion for directed verdict must "state the specific grounds therefor." Since appellant's motion for directed verdict was not specific as to the value element of felony theft by receiving, we decline to address this issue.

■ The appellant's remaining argument is that the trial court erred in allowing the prosecution to introduce evidence of his prior criminal conduct. Rule 404(b) of the Arkansas Rules of Evidence provides:

Other Crimes, Wrongs, or Acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent,

preparation, plan, knowledge, identity, or absence of mistake or accident.

In order for evidence to be admissible under this rule, it must be independently relevant and its probative value must not be substantially outweighed by the danger of unfair prejudice. *Carter* v. *State*, 295 Ark. 218, 748 S.W.2d 127 (1988). During the State's case, Jack Gibson testified about an incident which occurred approximately six months prior to the burglary of Randy and Edna Kennedy's home. Mr. Gibson stated that he and appellant were in the appellant's truck, rode to a pawn shop, and broke in and stole several guns. He further testified that he and appellant drove to Dumas to sell the guns and that they succeeded in selling the guns for drugs and money. The trial judge allowed Mr. Gibson's testimony on the basis that this evidence was being used to prove opportunity, motive, plan, preparation, mode of operation, or lack of mistake. Appellant argues that this evidence should have been suppressed because it was being introduced only to demonstrate that he was a person of bad character.

The admission or rejection of evidence under Rule 404(b) is left to the sound discretion of the trial court and will not be disturbed on appeal absent a manifest abuse of discretion. *Jarrett* v. *State*, 310 Ark. 358, 833 S.W.2d 779 (1992). While we might have decided the issue differently as a trial judge in the case at bar, we do not find that the trial court abused its discretion in allowing evidence regarding Avery Kennedy's prior misconduct.

In *Thrash* v. *State*, 291 Ark. 575, 726 S.W.2d 283 (1987), the Arkansas Supreme Court specifically held that evidence of a crime other than the one charged may be admitted to show that the appellant committed the crime charged where both crimes involved the same unique method of operation. The court in that case acknowledged that Rule 404(b) does not mention *modus operandi* as one of the bases for introducing evidence of other crimes, but noted that the list of exceptions contained in the rule is not exclusive. In the instant case, the appellant's prior illegal conduct was properly admitted to show a unique method of operation. There was evidence in the instant case, as in the earlier incident, that appellant was driving his truck with two other accomplices; that he and the others broke into a building with which they were familiar; that the men stole firearms; hid them

in Avery Kennedy's truck; and attempted to exchange them for drugs or money. Therefore, evidence regarding the prior misconduct suggested a unique method of operation. Moreover, we find no error in the trial court's determination that any danger of unfair prejudice did not substantially outweigh the probative value of the prior acts, particularly in light of the fact that the jury was twice admonished that it could not consider the prior bad acts as evidence of appellant's guilt in the present case.

Affirmed.

JENNINGS, C.J., and MAYFIELD, J., agree.