Eugene Edward CHRISTIAN *v.* STATE of Arkansas

CA CR 95-737                                      925 S.W.2d 428

Court of Appeals of Arkansas
Division II
Opinion delivered June 26, 1996

*William R. Simpson, Jr.*, Public Defender, by: *C. Renae Ford*, Deputy Public Defender, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Deputy Att'y Gen., Sr. Appellate Advocate for appellee.

JAMES R. COOPER, Judge. The appellant was convicted in a jury trial of theft of property and contributing to the delinquency of a minor. He was sentenced to eight years in the Arkansas Department of Correction for theft of property and sentenced to one year in jail and fined $1,000.00 for contributing to the delinquency of a minor. On appeal, he argues that the trial court erred in admitting evidence of a prior arrest, that the trial court erred in denying his motion for a directed verdict, and that the trial court committed reversible error by admitting hearsay testimony. We affirm.

■ Initially, the State asserts that the appellant received an illegal sentence because the judgment and commitment order does not reflect that the appellant's sentences are to be served concurrently. However, we will not consider the issue of an illegal sentence on appeal unless the appellant has raised it. *See Bilderback* v. *State*, 319 Ark. 643, 893 S.W.2d 780 (1995).

Although the appellant challenges the denial of his motion for a directed verdict his second argument, preservation of the appellant's right to freedom from double jeopardy requires a review of the sufficiency of the evidence prior to a review of trial errors. *Byrum* v. *State*, 318 Ark. 87, 884 S.W.2d 248 (1994). The appellant contends that the trial court erred in denying his motion for a directed verdict on the theft of property charge or in reducing the charge to a misdemeanor because the State failed to prove that the

stolen property had a value of more than $200.00. The appellant contends that the State's witness lacked personal knowledge of the value of the merchandise on the date of the theft or at a reasonable time thereafter.

■ A motion for a directed verdict is a challenge to the sufficiency of the evidence. *Durham* v. *State*, 320 Ark. 689, 899 S.W.2d 470 (1995). In reviewing the sufficiency of the evidence on appeal, we view the evidence in the light most favorable to the State and affirm if the verdict is supported by substantial evidence. *LaRue* v. *State*, 34 Ark. App. 131, 806 S.W.2d 35 (1991). Substantial evidence is evidence which is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other without resort to speculation or conjecture. *Kendrick* v. *State*, 37 Ark. App. 95, 823 S.W.2d 931 (1992).

■ Theft of property is a Class C felony if the value of the property is less than $2,500.00 but more than $200.00. Ark. Code Ann. § 5-36-103(b)(2)(A) (Repl. 1993). "Value" is defined as the market value of the property at the time and place of the offense or if the market value of the property cannot be ascertained, the cost of replacing the property within a reasonable time after the offense. Ark. Code Ann. § 5-36-101(11)(A)(i) & (ii) (Repl. 1993). The State has the burden of establishing the value of the property. *Coley* v. *State*, 302 Ark. 526, 790 S.W.2d 899 (1990). Value may be sufficiently established by circumstances which clearly show a value in excess of the statutory requirement. *Id.* It is the owner's present interest in the property that the law seeks to protect. *Hardrick* v. *State*, 47 Ark. App. 105, 885 S.W.2d 910 (1994). In determining market value, the fact finder may consider when the owner purchased the property and at what price as well as the present cost to replace the property. *Id.*

Debra Young testified that she was employed at Wal-Mart as a UPC (Universal Product Code) clerk. She testified that her duties included checking merchandise prices by conducting a computer inquiry using the merchandise UPC numbers. The computer information reflected the wholesale cost, retail price, and vendor of the merchandise. It also reflected if the merchandise was replenishable and if it was on clearance. She testified that the list of information she obtained from the computer gave the current retail price of the Wal-Mart merchandise. She further testified that the prices had changed or had been reduced since the time of the theft. She did

not, however, testify to what the retail prices were at the time of the theft but she did testify to the wholesale price Wal-Mart paid for each piece of merchandise which totaled approximately $239.00.

Thus, Ms. Young testified that she knew the value of the items and that it was part of her job to be familiar with the cost and retail price of the items through the records in Wal-Mart's computer system. *See Lee v. State*, 264 Ark. 384, 571 S.W.2d 603 (1978); *Williams v. State*, 29 Ark. App. 61, 781 S.W.2d 37 (1989). Although she did not testify specifically to the retail price of the merchandise at the time of the offense, she did testify to the value of the merchandise based on the cost of the items to Wal-Mart. Thus, we find the evidence sufficient to establish the value of the property and therefore, sufficient to support the appellant's conviction.

The appellant next contends the trial court erred in admitting evidence of his prior arrest in a Wal-Mart store because the prior arrest lacked independent relevance and because the prejudicial effect of the prior arrest substantially outweighed its probative value. The evidence at trial revealed that the appellant and a seven-year-old girl entered a Wal-Mart store in Jacksonville, Arkansas, on April 5, 1994. The appellant placed Wal-Mart merchandise in a bag that he had hidden on his person, gave the bag of merchandise to the girl and instructed her to take it to the car without paying for it. The State presented further evidence that the appellant had committed a similar act in a Wal-Mart store in December of 1993 involving a fourteen-year-old boy.

Rule 404(b) of the Arkansas Rules of Evidence provides:

> Other Crimes, Wrongs, or Acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

In order for evidence to be admissible under this Rule, it must be independently relevant and its probative value must not be substantially outweighed by the danger of unfair prejudice. *Kennedy v. State*, 49 Ark. App. 20, 894 S.W.2d 952 (1995). The admission or rejection of evidence under Rule 404(b) is left to the sound discre-

tion of the trial court and will not be disturbed on appeal absent a manifest abuse of discretion. *Id.* Evidence of a crime other than the one charged may be admitted to show that the appellant committed the crime charged where both crimes followed the same unique method of operation. *Thrash v. State*, 291 Ark. 575, 726 S.W.2d 283 (1987). Rule 404(b) does not mention *modus operandi* as one of the bases for introducing evidence of other crimes; however, the list of exceptions to inadmissibility contained in the rule is not an exclusive list but rather represents examples of the types of circumstances where evidence of other crimes or wrongs would be relevant and admissible. *Lindsey v. State*, 319 Ark. 132, 890 S.W.2d 584 (1994); *Thrash v. State, supra.*

■■ The appellant used the same mode of operation in the case at bar as he did in the previous incident. In both incidents the appellant entered a Wal-Mart store with a bag concealed on his person, placed merchandise in the bag, handed the bag to a juvenile and directed the juvenile to leave the store without paying for the merchandise. Thus, the evidence was relevant to show a unique method of operation as well as the appellant's intent, preparation, plan, and absence of mistake or accident in committing the theft and contributing to the delinquency of the minor. We also cannot find that the trial court abused its discretion in determining that the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice particularly in view of the fact that the appellant failed to request a limiting instruction. Although the appellant was entitled to a cautionary instruction limiting the use of the evidence of his prior crime, he failed to ask for such an instruction and thus, cannot now claim error on appeal. *Lindsey v. State, supra; White v. State*, 290 Ark. 130, 717 S.W.2d 784 (1986).

■ The appellant also argues that Ms. Young's testimony concerning the wholesale prices of the Wal-Mart merchandise was inadmissible hearsay. The appellant made a hearsay objection below when Ms. Young attempted to testify to a price that was listed on a price tag attached to one of the stolen items. The trial court sustained the objection but ruled that Ms. Young could testify to the current wholesale prices of the merchandise. Ms. Young then testified to the wholesale prices of the merchandise using the computer generated UPC list. The appellant did not make a specific hearsay objection to that testimony. In order to preserve an issue for appellate review, the objection below must be specific enough to

apprise the trial court of the particular error about which the appellant complains. *Hooper* v. *State*, 311 Ark. 154, 842 S.W.2d 850 (1992). Thus, the appellant failed to preserve this argument for appeal.

Affirmed.

MAYFIELD and STROUD, JJ., agree.