Wesley R. McMURRAY *v.* STATE of Arkansas

CA CR 07-190                                                    278 S.W.3d 122

Court of Appeals of Arkansas
Opinion delivered February 27, 2008

*The Blagg Law Firm*, by: *Ralph J. Blagg*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Nicana C. Sherman*, Ass't Att'y Gen., for appellee.

JOHN MAUZY PITTMAN, Chief Judge. The appellant, Wesley R. McMurray, was charged with committing second-degree battery by causing serious physical injury to a person over sixty years of age in concert with two or more other persons. After a jury trial, he was convicted of that offense and sentenced to four years' imprisonment. On appeal, he argues that he was denied due process by the trial judge's allowing the jury to ask a question concerning accomplice liability, and that the trial court abused its discretion by giving accomplice-liability instructions in response to the jury's question. We affirm.

At trial, there was evidence that the victim was beaten by a group of men. Appellant was not specifically charged as an accomplice. After deliberating some time, however, the jury sent a note to the judge, stating that they believed that appellant was in fact present when the beating occurred and asking to be instructed on accomplice liability. Over appellant's objection, the trial judge instructed the jury with Arkansas Model Jury Instruction – Criminal (AMCI) 2d 401, defining accomplice liability; and AMCI 2d 404, stating that mere presence, silence, or knowledge of a crime is not, in the absence of a legal duty to act, sufficient to establish accomplice status.

Appellant's objection at trial was based on lack of notice and his assertions that (1) accomplice liability must be specifically charged; and (2) there was no evidence that he acted in concert with others because the evidence that indisputably shows

that he did so was admitted only for the purpose of the enhancement statute, not to show accomplice liability. These arguments are without merit. Appellant was expressly charged with committing battery in concert with two or more other persons. This is sufficient to put appellant on notice that accomplice liability may be an issue, *see Purifoy v. State*, 307 Ark. 482, 822 S.W.2d 374 (1991), and there is no need to expressly charge a defendant as an accomplice to obtain a conviction based on accomplice liability. *Id.*

█ Nor do we agree with appellant's argument that the evidence of concerted action could not properly be considered to find accomplice liability because it was introduced as proof of enhancement. Because appellant, by virtue of the facts alleged in the charging instrument, should have known that accomplice liability was at issue, *see Purifoy v. State, supra*, he was required under Ark. R. Evid. 105 to request a limiting instruction if he wished to restrict the jury's consideration of the evidence to enhancement alone. Having failed to do so, he cannot complain on appeal that the evidence should be restricted to the purpose for which he alleges it was admitted. *Jackson v. State*, 259 Ark. 780, 536 S.W.2d 716 (1976); *see Kennedy v. State*, 344 Ark. 433, 42 S.W.3d 407 (2001); *Christian v. State*, 54 Ark. App. 191, 925 S.W.2d 428 (1996).

█ Appellant's remaining arguments are not properly before us. At trial, appellant made no argument, or mention, of Ark. R. Crim. P. 33.7, which *requires* instructions to be given upon the jury's request unless certain factors are present. Nevertheless, Rule 33.7 is central to several of his arguments on appeal and, because the Rule was not raised at trial, those arguments are not preserved for appeal.

We note that the circumstances of the present case are markedly different from those of *Rush v. State*, 239 Ark. 878, 395 S.W.2d 3 (1965), which held that the trial court erred in instructing the jury on lesser-included offenses after the jury had been deliberating for over twenty-four hours. First, *Rush* involved the giving of an instruction permitting the jury to find the defendant guilty of entirely different crimes; here, the instruction concerned the identical offense with which appellant was charged — the law draws no distinction between the criminal liability of a principal and an accomplice. *Tillman v. State*, 364 Ark. 143, 217 S.W.3d 773 (2005). Second, the trial judge in *Rush* gave the lesser-included

instructions on his own initiative, whereas the trial judge's instructions in the present case were given in response to a request from the jury which, under Rule 33.7, *must* be answered unless certain factors are present. Finally, if we are to resort to the common law, there is much better precedent available than *Rush*. In *Slim and Shorty v. State*, 123 Ark. 583, 186 S.W. 308 (1916), the supreme court squarely held that it was within the trial court's discretion, at the jury's request after deliberations had begun, to give an instruction on the issue of accessories. *Id.* at 593. So, even had this argument been preserved — and it has not — it would be unavailing.

Affirmed.

BIRD, VAUGHT, HEFFLEY, and MILLER, JJ., agree.

GLADWIN, ROBBINS, GLOVER, and MARSHALL, JJ., dissent.

JOHN B. ROBBINS, Judge, dissenting. The majority correctly asserts that a defendant may be convicted on a theory of accomplice liability even if he was not charged as such. In *Purifoy v. State*, 307 Ark. 482, 822 S.W.2d 374 (1991), the supreme court affirmed the appellant's murder and battery convictions on an accomplice liability theory, even though the information did not charge the appellant as an accomplice. However, in that case the proof at trial showed that the victims' wounds were inflicted by the gunshots fired by the appellant's accomplice, and thus the proof varied from the charging instrument. Moreover, consistent with the proof, the jury was instructed on accomplice liability, apparently before the jury retired to deliberate. The circumstances of the present case are distinguishable, and I would hold that the trial court erred in giving the belated accomplice liability instruction over Mr. McMurray's objection.

The following events occurred after the jury had retired to deliberate during the guilty phase. Three hours passed, and the trial court called the jury back into the courtroom to check on their progress toward a verdict. The foreman stated that the jury was still discussing whether the State had made its case, and that the current vote was 7 to 5. When asked whether with more deliberation they would be able to reach a verdict, the foreman replied, "I think it is going to be hard sir." After a short recess, the trial court advised the jury to resume deliberations.

Sometime later, the jury handed the trial court a handwritten note saying:

1. We believe McMurray was at the scene of the beating

2. We believe the beating occurred while McMurray was there

3. We have some credible witnesses

Question: Can we convict of battery 2nd by circumstantial evidence when none of the credible witness(es) observed the actual beating? If our question is out of order, can we have complicity (or being an accomplice) explained to help us make a decision?

The prosecutor then proposed that the jury be given an instruction on accomplice liability, but Mr. McMurray objected on the basis that he was not charged as an accomplice, but rather as a principal actor in a gang. The prosecutor acknowledged that Mr. McMurray was not tried as an accomplice under the State's theory, stating, "Not that he was an accomplice, but that he had accomplices." Mr. McMurray argued that he was never put on notice that he was going to be tried as an accomplice, but only that there was going to be enhancement if he were to be found guilty of second-degree battery. Mr. McMurray complained that such an instruction would be prejudicial and violate due process. Appellant contended, "There was never a State theory that he actually was an accomplice. He was charged as actually doing the beating." Appellant argued that not only does the information not say anything about accomplice liability, but the theory was also not supported by the evidence. Appellant further stated, "I am objecting to all these jury instructions all of a sudden. After three and a half hours of the jury deliberation, the State has been sitting back, having already given their instructions, [and] now after they get some notes from the jury they want to add new instructions." In my view, appellant's objections were of sufficient specificity to preserve his argument on appeal that submission of the jury instruction at that late time in the proceedings was erroneous.

This case is similar to our supreme court's decision in *Rush v. State*, 239 Ark. 878, 395 S.W.2d 3 (1965). In that case the appellant was tried for first-degree murder and the jury was instructed to convict him of that crime or acquit him altogether. After many hours of being unable to convict him of that crime, over the defendant's objection, the jury was given a lesser-included instruction on second-degree murder. The defendant's counsel said:

> I am going to object to the giving of such instructions at this time; to the Court's instruction on second degree murder, on the ground that this lawsuit has been tried solely upon the theory that it was murder in the first degree, or that the man was innocent; and at this late stage, after the evidence has been adduced, instructions given, arguments made, and the jury has been out better than 26 hours and deliberated a great deal of time . . . .

239 Ark. at 884, 395 S.W.2d at 7. The jury convicted the appellant of second-degree murder, and the supreme court held that that was error. The supreme court reasoned:

> We cannot put the stamp of approval on the action of the Court in first ascertaining that the jury was hopelessly deadlocked on first degree murder. It was almost the same as "bargaining" with the jury. It is not a question of whether the Court should have given the instruction on second degree murder at the time the other instructions were given: the question, here, is the challenge to the Court's action, in waiting 28 hours and ascertaining that the jury was deadlocked, and then charging the jury on a lesser degree of the offense.

*Id.*

In the present case the jury was hung 7-5 after three hours, and the foreman stated it would be "hard" to come to a unanimous conclusion on whether McMurray was guilty of second-degree battery. Then, after inquiring about and receiving an instruction on accomplice liability, the jury convicted McMurray of that crime. This is similar to *Rush* in that the jury appeared unable to convict on the theory advanced by the State, and was thereafter erroneously permitted to convict on some other basis. The jury indicated in its note that there were no credible witnesses who actually saw Mr. McMurray beat the victim, and thus the jury asked if it could proceed on a theory not advanced by the State — that Mr. McMurray was there and aided in the crime but was not himself a principal. I would hold that the trial court violated Mr. McMurray's rights in giving the instruction where it was evident that the jury was unable to reach a verdict from the instructions given. *See Rush, supra.* This would have been error whether the instruction was requested by the jury, the prosecution, or given on the trial court's own accord.

For the foregoing reasons, I respectfully dissent from the majority's decision and would reverse and remand this case for a new trial.

GLADWIN, GLOVER, and MARSHALL, JJ., join in this dissent.