

# ARKANSAS COURT OF APPEALS

DIVISION I

**No.** CR-15-1071

| | |
|---|---|
| BRIAN LOWE<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **OPINION DELIVERED** SEPTEMBER 14, 2016<br><br>APPEAL FROM THE GREENE COUNTY CIRCUIT COURT<br>[NO. CR-2014-327]<br><br>HONORABLE BARBARA HALSEY, JUDGE<br><br>AFFIRMED |

## ROBERT J. GLADWIN, Chief Judge

Appellant, Brian Lowe, files this appeal from the September 9, 2015 sentencing order entered by the Greene County Circuit Court, pursuant to which he was sentenced to twenty-five years in the Arkansas Department of Correction (ADC) on a conviction by the trial court on a charge of rape, a Class Y felony. He argues that the trial court erred in failing to grant his motion to dismiss on the basis that the penetration element of rape was not proven and that it abused its discretion in finding his testimony not credible. We affirm.

On May 23, 2014, appellant was arrested and interviewed by Paragould Police Department Detective Rhonda Thomas based on allegations brought by B.B., a six-year–old juvenile who lived next door to appellant. The juvenile alleged that on May 22, 2014, appellant had made the juvenile stroke his penis and that appellant made the juvenile engage in oral sex. Appellant was charged on July 17, 2014, by felony information with one count

of rape, a Class Y felony, in violation of Arkansas Code Annotated section 5–14–103(a)(3)(A) (Repl. 2013).

At the bench trial held on September 9, 2015, B.B. testified without objection that appellant made the juvenile stroke his penis and perform oral sex on him in the bathroom and that appellant put his mouth on the juvenile's penis in the bedroom. Detective Thomas and C.B., B.B.'s older brother, also testified on behalf of the State. The video of Detective Thomas's interview with appellant was played, and she confirmed that appellant's statement corroborated everything in the juvenile's interview regarding the allegations except for the alleged acts of oral sex.

Appellant testified on his own behalf, acknowledging manual contact by the juvenile on his genitals, but he again denied the allegations regarding oral sex with the juvenile. At the close of the bench trial, appellant moved for dismissal of the rape charge on the ground that the juvenile never testified that the penis had ever passed his lips or that oral sex had occurred.[1] The trial court (1) denied the motion; (2) made a finding that the juvenile's testimony was credible and that appellant's testimony was not credible; and (3) ruled that the juvenile's uncorroborated testimony was sufficient to support the determination that the elements of oral sex and penetration had been satisfied. The trial court also specifically found that the defense was correct in saying that when the juvenile talked about the incident that occurred in the bedroom he used the word "touched." The trial court found that, based on

---

[1]Appellant preserved the issue for appeal by making a specific motion for dismissal at the close of all the evidence, as required by Arkansas Rule of Criminal Procedure 33.1(b) (2015).

the totality of the circumstances coupled with the credibility of the witnesses, appellant was guilty of rape, and he was sentenced pursuant to the September 9, 2015 sentencing order to a term of twenty-five years in the ADC. A timely notice of appeal was filed on October 5, 2015.

## I. *Denial of Motion to Dismiss*

A motion to dismiss at a bench trial is a challenge to the sufficiency of the evidence. *Oliver v. State*, 2016 Ark. App. 332, ___ S.W.3d ___; *Tennant v. State*, 2015 Ark. App. 81. On appeal, this court reviews the evidence in the light most favorable to the State, considering only the evidence that supports the conviction. *Toombs v. State*, 2015 Ark. App. 71. This court will affirm a conviction if there is substantial evidence to support it, which is evidence of sufficient force and character that it will compel a conclusion with reasonable certainty. *Id*. Determinations of credibility and the weight of the evidence are matters for the trier of fact. *Id*. The trier of fact is free to believe all or part of a witness's testimony and may resolve questions of conflicting testimony and inconsistent evidence. *Id*. The uncorroborated testimony of a child-rape victim is sufficient evidence to sustain a conviction. *Matar v. State*, 2016 Ark. App. 243, ___ S.W.3d ___.

Arkansas Code Annotated section 5-14-103(a)(3)(A) provides that "[a] person commits rape if he or she engages in sexual intercourse or deviate sexual activity with another person who is less than fourteen years of age." "Deviate sexual activity" is defined, in pertinent part, as "any act of sexual gratification involving the penetration, however slight, of the anus or mouth of a person by the penis of another person[.]" Ark. Code Ann. § 5-14-101(1)(A).

SLIP OPINION

Appellant argues that the trial court erred by failing to grant his motion to dismiss. Specifically, he argues that the evidence is insufficient to support his conviction because the victim did not testify that appellant's penis penetrated his mouth.

Appellant argues that the juvenile's testimony never reached the definition of deviate sexual activity found in section 5-14-101, under which appellant was charged, specifying that "penetration, however slight, of the anus or mouth of one person by the penis of another person." Appellant specifically requested in his motion for dismissal that the trial court note that the juvenile had used the word "touched" to reference the alleged act and the juvenile's testimony that he "put my mouth on it." Appellant submits that the testimony did not prove that his penis entered the juvenile's mouth, however slightly. He claims that there was no corroborating evidence given by any witness to substantiate the definition of deviate sexual activity.

We hold that substantial evidence supports appellant's conviction for rape. The juvenile's testimony was sufficient for the trial court to find that deviate sexual activity had occurred when the juvenile put his mouth on appellant's penis while in the bathroom. And, contrary to the trial court's recollection in its ruling of the juvenile's testimony regarding the incident in the bedroom, the juvenile specifically testified that appellant had put his mouth on the juvenile's penis while in the bedroom, not that he had merely touched it.

In *Henderson v. State*, 2012 Ark. App. 485, a minor victim testified that Henderson had pushed her head "down on his penis," that his penis had touched her lips, and that he had tried to push it farther into her mouth but could not do so because she was clenching

her teeth. Henderson argued that the State did not prove the element of penetration. *Id.* This court held as follows:

> We disagree. The lips are clearly a part of the mouth, and from A.C.'s testimony, a rational juror reasonably could have concluded that appellant pushed his penis past A.C.'s lips as far as her teeth, which satisfies the statute's requirement of penetration, however slight, of the victim's mouth. Our courts have long held that anytime a bodily member of the accused is within the labia of the pudendum, no matter how little, that is sufficient to constitute penetration. Likewise, the statute does not require a victim's oral cavity to be fully entered in order for penetration to occur; rather, slight penetration, such as that of the lips, can be sufficient to constitute rape. Because substantial evidence was adduced from the victim by which the jury could, without speculation or conjecture, determine that appellant's conduct met the elements of rape set forth by the statute, we affirm.

*Id.* at 4–5 (internal citations omitted).

Here, the juvenile testified that he placed his mouth on appellant's penis and that appellant put his mouth on the juvenile's penis. It did not require speculation for the trial court to conclude that some portion of each person's penis entered the other person's mouth to at least some minimal degree. Even though the trial court misstated the juvenile's testimony concerning what occurred in the bedroom, this court can rely on the juvenile's testimony in the record, despite the trial court's error. *See Neal v. State*, 375 Ark. 389, 291 S.W.3d 160 (2009).

## II. *Credibility Determination Regarding Appellant's Testimony*

Appellant argues that the trial court abused its discretion in making the determination that appellant's testimony was not credible. He notes that his testimony was almost identical to his confession given during his interview with Detective Thomas and points out that the trial court heard evidence that was substantially the same as was verified by video prior to the ruling. Appellant acknowledged that some portion of the allegations made by the

juvenile had occurred, but he continued to vehemently deny that the allegation of rape concerning the deviate sexual activity between him and the juvenile witness had occurred. Appellant reiterates that his testimony was the same as statements given prior to the trial, that he had never wavered from that stance, and there was no proof given at the trial to show that his testimony was not credible.

Appellant cites *Chapman v. State*, 343 Ark. 643, 38 S.W.3d 305 (2001), in which our supreme court held that substantial evidence is evidence forceful enough to compel a conclusion beyond suspicion or conjecture and that credibility determinations are left to the fact-finder. *Id*. He contends that in the instant case, the trial court used conjecture to find that the testimony of the juvenile fit the specific language of section 5-14-101 concerning the definition of deviate sexual activity because there was no proof of penetration.

Appellant acknowledges that credibility determinations are left to the finder of fact, but he urges that we can reverse when the trial court abuses its discretion. In this case, appellant argues that the State failed to produce any substantial argument that appellant's testimony was not credible when, during the course of the testimony, the facts as given by appellant matched almost word-for-word the facts presented in his interrogation video. The only difference in the testimony presented by the juvenile and appellant was that appellant denied penetration.

We hold that there is no basis for reversal in appellant's argument. It is the function of the finder of fact, and not the reviewing court, to evaluate the credibility of witnesses and to resolve any inconsistencies in the evidence. *Woods v. State*, 2013 Ark. App. 739, 431 S.W.3d 343. Resolution of conflicts in testimony and assessment of witness credibility is for

the finder of fact. *Id.* The judge, as fact-finder at a bench trial, may accept or reject any part of a witness's testimony, and his or her conclusion on credibility is binding on this court. *Brown v. State*, 2009 Ark. App. 873. In particular, the trial court was not required to believe appellant's testimony because he was the person most interested in the outcome of the trial. *Id.* This court will not second-guess the fact-finder's credibility determinations. *Id.* It will disregard testimony that the fact-finder has found to be credible only if it is so inherently improbable, physically impossible, or so clearly unbelievable that reasonable minds could not differ about it. *Conte v. State*, 2015 Ark. 220, 463 S.W.3d 686.

Although appellant argues that the trial court should have believed him because his trial testimony was consistent with the statement he gave to the police, he has not explained why, if the trial court did not believe what he told the police, it should be required to accept the same incredible story as true just because he repeated it at trial. We find no merit in appellant's complaint that the State failed to prove that his statement and testimony were not credible. It is not the State's burden to affirmatively discredit appellant's testimony; moreover, the State directly challenged his account by calling the juvenile to testify about the allegations. Appellant has not argued that the juvenile's testimony was inherently improbable, physically impossible, or so clearly unbelievable that reasonable minds could not differ about it; accordingly, there is no basis on which this court should overturn the trial court's credibility determinations.

Affirmed.

HOOFMAN and BROWN, JJ., agree.

*Terry Goodwin Jones*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.