Cite as 2019 Ark. App. 493

# ARKANSAS COURT OF APPEALS

DIVISION III

**No.** CR–19–93

|  |  |
|---|---|
| PAUL ANTHONY BEENE<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **OPINION DELIVERED:** OCTOBER 30, 2019<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FOURTH DIVISION<br>[NO. 60CR-18-1169]<br><br>HONORABLE HERBERT WRIGHT, JUDGE<br><br>AFFIRMED |

## ROBERT J. GLADWIN, Judge

Appellant Paul Beene appeals his conviction in the Pulaski County Circuit Court on a charge of felony theft by receiving. His sole point on appeal is a challenge to the sufficiency of the evidence. We affirm.

### I. *Facts*

On April 2, 2018, the State filed an information alleging that on or about March 20, appellant committed two felony offenses: (1) theft by receiving of a vehicle with a value of $5,000 or less, but more than $1,000, a Class D felony as defined in Ark. Code Ann. § 5-36-106(a), (e)(3)(A) (Repl. 2013); and (2) fleeing by means of a vehicle under circumstances manifesting extreme indifference to the value of human life, a Class D felony as defined in Ark. Code Ann. § 5-54-125(a), (d)(2) (Repl. 2016). The State also alleged that appellant is a habitual offender with four or more prior felony convictions.

On September 11, appellant stood trial in the Pulaski County Circuit Court. The State's proof regarding the stolen vehicle was provided primarily by the vehicle's owner, Corsheatia Lomax. Ms. Lomax, who previously had dated appellant, testified that her vehicle was stolen on March 20, 2018. Ms. Lomax described her vehicle and its value as follows:

> The type of vehicle it was, was a two thousand six burgundy TrailBlazer. I purchased that vehicle in the early part of 2017. How much I paid for it was thirty-nine hundred. I am not still making payments on that vehicle. How many miles that vehicle had on it was like 140-something thousand miles on it. In March of this last year, if I were going to have sold it, what I would have sold it for was about three thousand.

On cross-examination, Ms. Lomax confirmed that she would try to sell her vehicle for $3,000 but that she had not sold the vehicle and still owned it.

Appellant's counsel preserved the issue for appeal by moving for dismissal of the theft-by-receiving charge at the close of presentation of all the evidence:

> At this time, I'd like to make a motion to dismiss. As to Count 1 specifically, he is charged with theft by receiving of a 2006 Chevy TrailBlazer with, the witness testified, had approximately 100 thousand, 150 thousand miles on it. She did not give any proof of any value that the vehicle was worth at least a thousand dollars. She did say she would like to sell it for three thousand dollars. She did not give any proof that she'd be able to [sell] it for two thousand dollars. She did not give any testimony to what kind of shape the vehicle was in, whether or not the tires were new, whether or not the frame was bent, whether or not there was [sic] scratches, dents, anything that would affect the value. There was [sic] no pictures presented of said vehicle so the Court could see what kind of condition it was in. I am requesting that be reduced to a misdemeanor theft by receiving. State has not showed value up to a thousand dollars.

The circuit court denied counsel's motion to dismiss, found appellant guilty of both charges, and found that appellant is a habitual offender with four or more prior felony convictions. Appellant was sentenced to an aggregate sentence of three years' imprisonment

in the Arkansas Department of Correction pursuant to a sentencing order entered on October 9, 2018. He filed his timely notice of appeal on November 1, 2018.

II. *Standard of Review and Applicable Law*

A motion to dismiss at a bench trial is a challenge to the sufficiency of the evidence. *Lowe v. State*, 2016 Ark. App. 389, at 3, 500 S.W.3d 176, 178. On appeal, this court reviews the evidence in the light most favorable to the State, considering only the evidence that supports the conviction. *Id*. This court will affirm a conviction if there is substantial evidence to support it, which is evidence of sufficient force and character that it will compel a conclusion with reasonable certainty. *Id*. Determinations of credibility and the weight of the evidence are matters for the trier of fact. *Id*. The trier of fact is free to believe all or part of a witness's testimony and may resolve questions of conflicting testimony and inconsistent evidence. *Id*.

Theft by receiving is a Class D felony if the value of the property is greater than $1,000 but less than $5,000. Ark. Code Ann. § 5-36-106(e)(3)(A). "Value" is defined as "[t]he market value of a property or service at the time and place of the offense, or if the market value of the property cannot be ascertained, the cost of replacing the property within a reasonable time after the offense." Ark. Code Ann. § 5-36-101(13)(A)(i) (Supp. 2017). "Market value of an automobile is what it will bring on the open market when sold by a willing seller to a willing and able buyer." *Cannon v. State*, 265 Ark. 270, 273, 578 S.W.2d 20, 21–22 (1979); *Young v. State*, 2009 Ark. App. 101, at 2.

III. *Discussion*

Appellant argues that the circuit court erred in denying his motion to dismiss the Class D felony theft-by-receiving charge because the State failed to introduce substantial evidence that the stolen vehicle appellant received had a value of more than $1,000 at the time it was stolen on March 20, 2018. The vehicle in question is a 2006 Chevrolet TrailBlazer that had been driven for approximately 140,000 miles. When the vehicle was stolen on March 20, 2018, it was approximately twelve years old. At trial, Ms. Lomax testified that she paid $3,900 for it approximately one year earlier in 2017. She testified further that she would have sold the vehicle for $3,000. However, Ms. Lomax did not specifically testify to the condition of the vehicle when it was stolen. Ms. Lomax testified as a layperson, not as an expert on the fair market value of the TrailBlazer.

In a theft-of-property case, the State bears the burden of proving the element of value. *Chase v. State*, 46 Ark. App. 261, 263, 879 S.W.2d 455, 456 (1994). The State was required to prove that the stolen 2006 Chevrolet TrailBlazer appellant received had a fair market value of more than $1,000. *See* Ark. Code Ann. § 5-36-106(e)(3)(A). The interest protected by statutes criminalizing theft of property is the owner's present interest in the property rather than the owner's original purchase price for the property. *Christian v. State*, 54 Ark. App. 191, 194, 925 S.W.2d 428, 430 (1996). The "present" interest in the owner's property is the fair market value of the owner's property "at the time and place of the offense." *Reed v. State*, 353 Ark. 22, 26, 109 S.W.3d 665, 668 (2003); Ark. Code Ann. § 5-36-101(13)(A)(i). The fair market value of property is the price the property would bring

between a willing seller and a willing buyer in the open market. *Cannon*, 265 Ark. at 273, 578 S.W.2d at 21–22.

Although the preferred method of establishing fair market value is through expert testimony, the purchase price paid by the owner of the property can be used to determine its market value when the purchase is not too remote in time and bears a reasonable relation to the present value of the property. *Russell v. State*, 367 Ark. 557, 560, 242 S.W.3d 265, 267–68 (2006); *Moore v. State*, 2013 Ark. App. 107, at 2–3; *Williams v. State*, 65 Ark. App. 176, 182, 986 S.W.2d 123, 127 (1999).

Photographs or other images of the exterior of a used vehicle may be used to aid in establishing the fair market value of the vehicle if there is independent evidence establishing its fair market value. *Reed v. State*, 353 Ark. 22, 27–28, 109 S.W.3d 665, 668–69 (2003). In determining remoteness and relevance of original purchase price on present fair market value, the nature and characteristics of the property at issue must be considered on a case-by-case basis. *Jones v. State*, 6 Ark. App. 7, 9, 636 S.W.2d 880, 881 (1982).

An owner's testimony about the purchase price of a vehicle coupled with evidence that the vehicle was in good condition when it was stolen can constitute substantial evidence of the fair market value of the vehicle when it was stolen. *Coley v. State*, 302 Ark. 526, 529, 790 S.W.2d 899, 901 (1990) (owner testified that stolen automobile was in "good condition" when it was stolen); *Stewart v. State*, 302 Ark. 35, 36–37, 786 S.W.2d 827, 828–29 (1990) (photograph of the stolen vehicle "showing the car to be in apparently excellent condition"); *Moore*, 2013 Ark. App. 107, at 4–5 (owner of stolen car testified that he owed

over $6,000 on it and that it had not been damaged before it was stolen; surveillance video showed the car to be in good condition as it was being stolen).

Appellant argues that in the absence of testimony from Ms. Lomax about the condition of the 2006 TrailBlazer when it was stolen on March 20, 2018, the circuit court, as the fact-finder, could only guess at the fair market value of the vehicle. Evidence that leaves the fact-finder to surmise or conjecture that the defendant in a criminal prosecution is guilty fails the substantial-evidence test. *Nichols v. State*, 280 Ark. 173, 176, 655 S.W.2d 450, 452 (1983).

We disagree. The record establishes that Ms. Lomax awoke on the morning of March 20, 2018, to discover that her 2006 Chevrolet TrailBlazer had been stolen. She reported the theft to police, and later the same day, Little Rock police officer Darrell Sims saw the stolen vehicle and attempted to initiate a traffic stop. The driver fled and led officers on a high-speed chase approximately two or three blocks through a residential area at a speed greater than sixty-seven miles an hour. The driver subsequently abandoned the vehicle and fled on foot, but officers were able to apprehend him. Appellant was the driver of the vehicle as evidenced by the videotape of the attempted traffic stop and subsequent chase recorded by the dashboard camera in the patrol car that was admitted into evidence.

We have held that "value may be sufficiently established by circumstances that clearly show a value in excess of the statutory requirement." *Moore*, 2013 Ark. App. 107, at 2, 4–5 (holding that evidence of purchase price of four-year-old vehicle not too remote where surveillance video and high-speed police pursuit established the vehicle was in good working condition); *see also, e.g.*, *Stewart*, *supra* (holding that an owner's testimony with respect to

6

purchase price paid three years earlier and amount owed, together with a photograph showing the car to be in excellent condition, was sufficient to establish the value of the vehicle).

Here, Ms. Lomax testified that she purchased the 2006 TrailBlazer for $3,900 approximately one year before it was stolen and that she would have been willing to sell it at the time of the theft for $3,000. We find no merit in appellant's argument that the evidence was insufficient because Ms. Lomax did not testify as to the condition of the vehicle when it was stolen. The testimony of Ms. Lomax in conjunction with Officer Sims's testimony describing the high-speed chase and the video, which captured the attempted traffic stop and the ensuing pursuit, allowed the circuit court to observe the stolen vehicle and make a determination that it met the minimum statutory value.

Ms. Lomax's testimony of her willingness to sell the vehicle for $3,000 was likewise relevant to the circuit court's finding because it has some bearing as to what condition she believed the vehicle was in at the time that it was stolen. An owner of a chattel, although not an expert on the subject, is qualified by virtue of being the owner to give an opinion as to its value. *See McCorkle v. Valley Forge Ins. Co.*, 11 Ark. App. 41, 46, 665 S.W.2d 898, 900–01 (1984). One reason for admitting an owner's estimate of value is that of necessity— the owner necessarily knows something about the quality, cost, and condition of the article. *See Pettit v. Kilby*, 232 Ark. 993, 995, 342 S.W.2d 93, 94 (1961) (holding that testimony of an owner concerning the value of an object is competent evidence as to its worth).

Both the price paid for the vehicle and the close temporal proximity of the purchase are factors that support the circuit court's determination that the TrailBlazer's value at the

time of the theft was more than $1,000. When considered in light of the testimony of Ms. Lomax and Officer Sims, together with the video of the high-speed pursuit, it was neither speculation nor conjecture for the circuit court to find that the twelve-year-old functional TrailBlazer, which had been driven about 140,000 miles, had retained at least 26 percent of its fair market value from its purchase just a year earlier.

Appellant's reliance on *Cannon, supra*, in which the court held that the owner's testimony about the purchase price of the used vehicle twelve years earlier was insufficient because the testimony did not reflect the vehicle's value at the time it was stolen is misplaced. *Cannon* is distinguishable because the valuation evidence in this case was approximately one year old as opposed to twelve, and the fact-finder was able to observe from the video that the TrailBlazer was in good working condition and worth at least the minimum value of $1,000.

Accordingly, viewed in the light most favorable to the verdict, we hold that the circuit court did not err by finding that the State met its burden of proving the vehicle had a fair market value of more than $1,000 when appellant stole it.

Affirmed.

MURPHY and BROWN, JJ., agree.

*William R. Simpson, Jr.*, Public Defender, by: *Clint Miller*, Deputy Public Defender, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rebecca Bailey Kane*, Ass't Att'y Gen., for appellee.