Cite as 2023 Ark. App. 570

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR-23-186

SERGIO SANCHEZ-GONZALES

APPELLANT

V.

STATE OF ARKANSAS

APPELLEE

Opinion Delivered December 6, 2023

APPEAL FROM THE SALINE
COUNTY CIRCUIT COURT
[NO. 63CR-21-416]

HONORABLE KEN CASADY, JUDGE

AFFIRMED

**MIKE MURPHY, Judge**

Appellant Sergio Sanchez-Gonzales appeals the decision of a Saline County jury finding him guilty of rape and sentencing him to a term of thirty years in the Arkansas Division of Correction. On appeal, appellant argues that substantial evidence does not support the verdict and that the circuit court erred in admitting certain testimony over his hearsay objection. We affirm.

The following facts as presented at trial support the verdict. Eleven-year-old MC testified that when she was approximately seven years old, she, her mother, and her brother moved in with appellant. She said that sometimes when her mother and brother went to the store, appellant would touch her. She identified body parts on a diagram to the jury, including the vulva ("my private part"), penis ("his private part"), and anus ("butt"). She testified that appellant touched her private part and chest with his hand and that he inserted

his penis into her vaginal opening and anus. She also testified that appellant would "would tell me to put my hand on his private part and move it up and down." MC testified it hurt when his private went inside her butt and that it also hurt when his private went into her private. She said it hurt to tee-tee after he put his private in her private. Appellant would instruct her to go clean herself up afterward and not to tell anyone. Eventually, however, MC told her fourth-grade teacher.

The teacher testified that one day, on the playground, MC sat down next to her, "teared up," and disclosed that "he hurts me at night." The appellant objected to the hearsay, and the court overruled the objection. The teacher reported the disclosure to school staff and law enforcement.

MC was examined by a sexual-assault nurse examiner at a child advocacy center in Benton on December 9, 2020. The nurse did not observe any physical injuries to MC's vagina or anus but noted that MC's complaint of painful urination is consistent with someone who has engaged in vaginal intercourse.

The appellant moved for a directed verdict at the conclusion of the State's case-in-chief, arguing that no evidence other than MC's testimony supported the rape charge. The motion was denied and again denied on renewal at the close of all the evidence. The jury returned a guilty verdict, sentencing the appellant to thirty years' imprisonment on the charge of rape under Arkansas Code Annotated section 5-14-103(a) (Supp. 2023). On appeal, the appellant challenges the sufficiency of the evidence and the hearsay admission.

In reviewing challenges to the sufficiency of the evidence, we determine whether substantial evidence, direct or circumstantial, supports the verdict. *Ralston v. State*, 2019 Ark. App. 175, 573 S.W.3d 607. Substantial evidence is evidence of sufficient certainty to compel a conclusion without resort to suspicion or conjecture. *Id.* On review, we view the evidence in the light most favorable to the State and only consider evidence that supports the verdict. *Hillman v. State*, 2019 Ark. App. 89, at 2, 569 S.W.3d 372, 374.

To convict appellant of rape, the State had to prove that he "engage[d] in sexual intercourse or deviate sexual activity with" MC "who was less than fourteen (14) years of age." Ark. Code Ann. § 5-14-103(a)(3)(A) (Supp. 2023). Sexual intercourse means the penetration, however slight, of the labia majora by a penis. Ark. Code Ann. § 5-14-101(10) (Supp. 2023). Deviate sexual activity "means any act of sexual gratification involving the penetration, however slight, of the . . . mouth of a person by the penis of another person . . . or of the labia majora . . . of one person by any body member . . . manipulated by another person." Ark. Code Ann. § 5-14-101(1)(A)–(B).

On appeal, appellant explains that he denied the allegations at the trial, MC did not disclose any of the alleged conduct at the child advocacy center, and the nurse who conducted the rape exam found no evidence of physical injury. He further argues that MC's testimony was elicited entirely through leading questions.

To the extent that appellant challenges how the prosecutor led the witness, he made no objection to the leading at trial; in fact, counsel conceded it was necessary under these circumstances. For this reason alone, appellant's argument regarding leading is unpreserved.

3

*Price v. State*, 2010 Ark. App. 111, at 10, 377 S.W.3d 324, 331. But beyond that, leading questions are allowed under Arkansas law where the witness is a very young victim of sexual crimes and if it appears to the circuit court that such questions are necessary to elicit the testimony. *See Clark v. State*, 315 Ark. 602, 870 S.W.2d 372 (1994). Our courts allow leading questions in such cases due to the seriousness of the crime, the natural embarrassment of the witness, the child's fear of testifying in a courtroom full of people, the necessity of the testimony from the victim, and the threats toward victims by the perpetrators and to avoid the possibility than an accused might escape punishment simply because of the victim's reluctance to testify. *Id.* at 609, 870 S.W.2d at 376.

The remainder of appellant's argument amounts to nothing more than a request for us to reweigh the evidence. This we will not do. The jury is the trier of fact, and the jury is free to believe all or part of witnesses' testimony and to resolve any questions of conflicting testimony and inconsistent evidence. *Lowe v. State*, 2016 Ark. App. 389, at 3, 500 S.W.3d 176, 178. A rape victim's testimony, standing alone, can constitute substantial evidence to support a rape conviction. *Hillman*, 2019 Ark. App. 89, at 2, 569 S.W.3d at 374. Here, MC's testimony sufficiently establishes that she was less than fourteen when appellant engaged in sexual intercourse or deviate sexual activity with her. Substantial evidence supports the verdict.

In his second point, appellant argues that the circuit court erred by overruling his hearsay objection to the teacher's testimony regarding the out-of-court disclosure made by MC and that this testimony prejudiced him at trial.

The decision to admit or exclude evidence is within the sound discretion of the circuit court, and we will not reverse an evidentiary ruling absent a manifest abuse of discretion. *Hughes v. State*, 2022 Ark. App. 453, at 7, 655 S.W.3d 312, 317. An abuse of discretion is a high threshold that does not simply require error in the circuit court's decision but requires finding the circuit court acted improvidently, thoughtlessly, or without due consideration. *Id.* Unless an appellant can demonstrate prejudice from an evidentiary ruling, we will not reverse; prejudice is not presumed. *Id.*

Appellant contends he was prejudiced because having the teacher repeat MC's allegations bolsters MC's testimony. However, we need not determine if the statement was properly or improperly admitted because even the erroneous admission of hearsay evidence is not reversible error if it is cumulative to other evidence admitted without objection. *Stephens v. State*, 98 Ark. App. 196, 200, 254 S.W.3d 1, 4 (2007). Here, MC had already testified that she disclosed having been raped to her teacher. The appellant's hearsay argument provides no basis for reversal.

Affirmed.

GLADWIN and THYER, JJ., agree.

*Jones Law Firm*, by: *F. Parker Jones III*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Michael Zangari*, Ass't Att'y Gen., for appellee.